UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARAH BOURBEAU, et al.,

    Plaintiffs,

v.

THE JONATHAN WOODNER CO.,

    Defendant.

Case No. 1:07CV00164
Judge: Paul L. Friedman

### SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

On January 3, 2008, Plaintiffs filed with this Court their "Notice of Supplemental Authority," to which they attached the recent decision of the Maryland Court of Appeals in Montgomery County, Md. V. Glenmont Hills Associates, 2007 Md. Lexis 719 (Md. Nov. 30, 2007). In that decision, the Court held that a landlord's refusal to participate in the Section 8 voucher program is unlawful discrimination under Montgomery County's human rights law. Plaintiffs set forth in their "Notice" a brief discussion of why they believe that decision supports their opposition to Defendant's ("Woodner") Motion to Dismiss for Failure to State a Claim, which remains pending. In fact, for reasons stated below, Woodner believes the Maryland court's decision adds weight to its motion.

The Court, in footnote 8, referenced an Executive Order issued on October 26, 1987, which requires Executive agencies to construe Federal statutes to preempt state law "when the statute contains an express preemption provision or there is some firm and palpable evidence compelling the conclusion that the Congress intended preemption of state law, or when the exercise of State authority directly conflicts with the exercise of Federal authority under the Federal statute."

328756

The D.C. Home Rule Act, enacted by Congress, and as recently and properly, interpreted by the D.C. Court of Appeals in <u>Brizill v. D.C. Board of Elections and Ethics</u>, 911 A.2d 1212 (D.C. 2006), contains the type of express preemption that is referenced in the aforesaid Executive order. Consistent with, and in apparent recognition of this preemption, the D.C. Human Rights Act itself expressly provides that it may not be read to supersede Federal law. D.C. Code § 2-1402.03(c) (2001 ed.). An interpretation of the D.C. Human Rights Act which would, in effect, require landlords to participate in the Section 8 housing choice voucher program would negate and supersede Congress' intent, expressed in 1998 amendments to the Section 8 law, that participation in the Section 8 housing choice voucher program would be voluntary.[1]

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: January 4, 2008

Richard W. Luchs, #243931
Roger D. Luchs, #347609
William C. Casano, #352492
1620 L Street, N.W.
Suite 900
Washington, D.C. 20036
Telephone: (202) 452-1400
RDL@GDLLAW.COM

Counsel for Defendant

---

[1] Woodner, however, rejects the Maryland court's comment on page 20 of its decision, that voluntary participation by landlords was not an important Congressional objective. The Court, in footnote 10 in its decision, observed that, by statute, Congress amended the Section 8 law, to insure it would be voluntary, to encourage participation. That Congress chose this course rather than, for example, amending the Fair Housing Act to make it unlawful to refuse to accept Section 8 voucher holders as tenants, leaves no room for doubt that central to the Section 8 voucher program was that it remain voluntary. Notably, too, the Court gives short shrift to the Federal court decision in <u>Knapp v. Eagle Property Management Corp.</u>, 54 F.3d 1272 (7th Cir. 1995) which, several years before the 1998 amendments enacted by Congress, questioned whether a state could mandate participation in the Section 8 voucher program through a human rights law.

328756  2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 4, 2008, I caused a true and correct copy of the foregoing Supplemental Points and Authorities in Support of Defendant's Motion to Dismiss for Failure to State a Claim was served electronically on the following counsel for Plaintiffs:

Thomas A. Reed, Esq.
Preston Gates Ellis & Rouvelas Meeds LLP
1735 New York Avenue, N.W.
Suite 500
Washington, D.C.  20006

Robert M. Bruskin, Esq.
Washington Lawyers' Committee
 For Civil Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C.  20036

_____
Roger D. Luchs