IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH BOURBEAU<br><br>EQUAL RIGHTS CENTER<br><br>        Plaintiffs,<br><br>v.<br><br>THE JONATHAN WOODNER CO.<br><br>        Defendant. | Civil Action No: 1:07CV00164<br>Judge: Paul L. Friedman |

**JOINT PROPOSED DISCOVERY PLAN**

In accordance with Fed. R. Civ. P. 26(f), and the Court's instruction at the April 22, 2008 status conference in the above captioned matter, counsel for the undersigned parties, Sarah Bourbeau, the Equal Rights Center (collectively "Plaintiffs"), and the Jonathan Woodner Company ("Defendant"), have conferred and agree on the following joint discovery plan:

1. <u>Fact Discovery Opens.</u>  May 23, 2008.

2. <u>Plaintiffs' Discovery.</u>  Plaintiffs intend to take discovery on the following subjects:

    a. Defendant's ownership and corporate structure.

    b. Defendant's policies, guidelines and practices regarding the evaluation of rental applications, minimum income requirements for prospective

    tenants, and the acceptance or rejection of housing choice vouchers (a/k/a Section 8 vouchers).

c. Current and former tenants residing at 3636-3640 16th Street, N.W. in Washington, D.C. or any other property owned by Defendant.

d. The pricing of rental units located at 3636-3640 16th Street, N.W. in Washington, D.C. or at any other property owned by Defendant.

e. Defendant's policies, guidelines and practices regarding advertising to and/or communicating (both orally and in writing) with prospective tenants.

f. Defendant's rental application process.

g. Defendant's policies, guidelines and practices regarding the training of employees, agents, and representatives on the intake, evaluation and processing of prospective rental applicants.

h. Defendant's communications with employees, agents, and representatives regarding the evaluation of rental applications, minimum income requirements for prospective tenants, and the acceptance or rejection of housing choice vouchers (a/k/a Section 8 vouchers).

i. Defendant's document retention policies and practices with respect to information about current and former tenants.

j. The bases for Defendant's claims and denials in its Answer to the Complaint which Defendant has indicated it will serve on or about May 28, 2008.

  k. Any other subjects determined to be relevant during the course of discovery.

3. <u>Defendant's Discovery.</u>  Defendant reserves the right to seek an extension of time to conduct discovery of ERC, dependent on the outcome of the Motion for Summary Judgment discussed at the initial status conference. Defendant expects to file this motion within the next 2-3 weeks. Defendant intends to take discovery on the following subjects:

  a. Ms. Bourbeau's educational and work background.

  b. Ms. Bourbeau's knowledge of, and experience with, the Section 8 housing choice voucher program, and procedures for qualifying for a voucher and presenting a voucher to a potential landlord.

  c. Ms. Bourbeau's interactions with the D.C. Housing Authority, including application qualification for and receipt, if any, of a Section 8 housing choice voucher in 2005.

  d. Ms. Bourbeau's communications and interaction with the Equal Rights Center ("ERC"), the Washington Lawyers for Civil Rights and, if applicable the D.C. Human Rights Office.

  e. The specific factual allegations in the Complaint.

  f. Efforts by Ms. Bourbeau to use any voucher she had after allegedly being advised by the Woodner it did not accept vouchers.

  g. Any damages Ms. Bourbeau claims to have suffered.

  h. Efforts undertaken by ERC to test or ascertain Woodner's policies on and experience with, Section 8 vouchers after April 25, 2005.

   i. Facts pertinent to ERC's standing to file suit after reinstatement of its charter.

   j. ERC's procedures for dealing with tenants, or prospective tenants, who seek assistance with respect to alleged Section 8 voucher discrimination.

   k. Damages ERC claims to have suffered because of Woodner's alleged discrimination.

   l. The basis for ERC's claim that, from April 25, 2005 through the time suit was filed, Woodner was continuing to discriminate against Section 8 voucher holders.

4. <u>Objections to Discovery.</u>  All parties reserve their right to object to specific discovery requests submitted by any other party in accordance with the Federal Rules.

5. <u>Initial Disclosures.</u>  On or before June 13, 2008, the parties will exchange the information required by Fed. R. Civ. P. 26(a)(1).

6. <u>Electronically Stored Information.</u>  On or before June 20, 2008, the parties shall exchange the information required under Fed. R. Civ. P. 26(a)(1)(ii).

7. <u>Amended Pleadings/Joinder.</u>

   a. On or before June 27, 2008, Plaintiffs may seek leave of court to join additional parties and to amend pleadings.

   b. On or before July 14, 2008, Defendant may seek leave of court to join additional parties and to amend pleadings.

8. <u>Experts.</u>  Expert discovery shall be completed by October 15, 2008, with the following interim deadlines:

    a.    Under Fed. R. Civ. P. 26(a)(2)(A), Plaintiffs shall produce the curriculum vitae of their expert witness(es) and a general identification of the topic areas on which their expert witness(es) are expected to render opinions by July 11, 2008.

    b.    Defendant shall produce the curriculum vitae of its expert witness(es) and a general identification of the topic areas on which its expert witness(es) are expected to render opinions by July 18, 2008.

    c.    Under Fed. R. Civ. P. 26(a)(2)(B), Plaintiffs shall serve expert witness reports by August 15, 2008.

    d.    Defendant shall serve expert witness reports by August 29, 2008.

    e.    Plaintiffs shall submit expert rebuttal reports, if any, by September 15, 2008.  There will be no sur-rebuttal.

    f.    All depositions of expert witnesses shall be completed by October 15, 2008.

9.    <u>Discovery.</u>  The parties will abide by and do not wish to alter the Federal Rules governing written discovery requests for admissions, interrogatories, document requests or depositions.

10.    <u>Summary Judgment.</u>

    a.    Any dispositive motions shall be filed on or before November 14, 2008.  Defendant expects to file a Motion for Summary Judgment as to ERC in the near future.

    b.    Opposition briefs must be filed within 30 days of service of the motion.

  c. Replies to Opposition briefs must be filed within 30 days of service of the opposition.

11. <u>Pretrial Statements and Related Filings.</u>

  a. Pretrial Statements shall be due by February 18, 2009.

  b. Objections shall be due by March 4, 2009.

12. <u>Pretrial Conference</u> will be held on or about March 11, 2009.

13. The parties see no need for bifurcation of the trial or discovery phases.

14. The parties do not agree to assignment of this case to a magistrate judge at this time.

15. <u>Settlement Negotiations.</u>

  a. <u>Plaintiffs' Position.</u> Prior to filing the complaint in this case, the parties engaged in a number of discussions to determine whether settlement was feasible. These discussions were unsuccessful. However, Plaintiffs continue to believe that this case is well suited for mediation and an amicable resolution rather than protracted litigation. Accordingly, Plaintiffs remain open to mediation of this matter by a magistrate judge agreed upon by the parties.

  b. <u>Defendant's Position.</u> Defendant does not believe mediation would be useful at this time.

The parties respectfully request that the Court enter a Scheduling Order containing the dates set forth above.

Respectfully Submitted,

/s/ Thomas A. Reed
Thomas A. Reed (#435258)
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, D.C. 20006
Tel: 202-661-3713/ Fax: 202-778-9100

Robert M. Bruskin (#164293)
Isabelle M. Thabault (#318931)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-319-1000/ Fax: 202-319-1010

*Counsel for Plaintiffs Sarah Bourbeau and the Equal Rights Center*

/s/ Roger D. Luchs
Roger D. Luchs, Esq. (#347609)
William C. Casano, Esq. (#352492)
Greenstein DeLorme & Luchs, P.C.
1620 L Street NW, Suite 900
Washington, D.C. 20036-5606
Tel: 202-452-1400

*Counsel for Defendant
The Jonathan Woodner Company*

Dated: May 23, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Joint Proposed Discovery Plan was served this 23rd day of May, 2008, by ECF Filing and first class mail upon the following counsel of record:

          Robert M. Bruskin (#164293)
          Isabelle M. Thabault (#318931)
          Washington Lawyers' Committee for
          Civil Rights and Urban Affairs
          11 Dupont Circle, N.W., Suite 400
          Washington, D.C. 20036
          Tel: 202-319-1000/ Fax: 202-319-1010

          *Co-Counsel for Plaintiffs Sarah Bourbeau and the Equal Rights Center*

          Roger D. Luchs, Esq. (#347609)
          William C. Casano, Esq. (#352492)
          Greenstein DeLorme & Luchs, P.C.
          1620 L Street NW, Suite 900
          Washington, D.C. 20036-5606
          Tel: 202-452-1400

          *Counsel for Defendant*
          *The Jonathan Woodner Company*

          /s/ Thomas A. Reed
          Thomas A. Reed

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SARAH BOURBEAU <br><br> EQUAL RIGHTS CENTER <br><br>　　　　Plaintiffs, <br><br>　　　　v. <br><br> THE JONATHAN WOODNER CO. <br><br>　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No: 1:07CV00164 <br> Judge: Paul L. Friedman |

**[PROPOSED] SCHEDULING ORDER**

Based on the Joint Proposed Discovery Plan submitted by the parties on May 23, 2008 and the entire record herein, it is this _____ day of _____, 2008, hereby

**ORDERED** that fact discovery will open on **May 23, 2008**; and it is further

**ORDERED** that the parties will exchange initial disclosures on or before **June 13, 2008**; and it is further

**ORDERED** that the parties shall exchange descriptions of all electronically stored information as required under Fed. R. Civ. P. 26(a)(1)(ii) on or before **June 20, 2008**; and it is further

**ORDERED** that Plaintiffs may seek leave of court to join additional parties and to amend the pleadings on or before **June 27, 2008**; and it is further

  **ORDERED** that Defendant may seek leave of court to join additional parties and to amend the pleadings on or before **July 14, 2008**; and it is further;

  **ORDERED** that expert discovery shall be completed by **October 15, 2008**, with the following interim deadlines:

a) Plaintiffs shall produce the curriculum vitae of their expert witness(es) and a general identification of the topic areas on which their expert witness(es) are expected to render opinions by **July 11, 2008**;

b) Defendant shall produce the curriculum vitae of its expert witness(es) and a general identification of the topic areas on which its expert witness(es) are expected to render opinions by **July 18, 2008**;

c) Plaintiffs shall serve expert witness reports by **August 15, 2008**;

d) Defendant shall serve expert witness reports by **August 29, 2008**;

e) Plaintiffs shall serve expert rebuttal reports, if any, by **September 15, 2008**, and there will be no sur-rebuttal;

f) All depositions of expert witnesses shall be completed by **October 15, 2008**; and it is further

  **ORDERED** that all dispositive motions shall be filed on or before **November 14, 2008**, with oppositions to be filed **30 days** after service of the dispositive motion, and replies to be filed **30 days** after service of the opposition; and it is further

  **ORDERED** that Pretrial Statements must be filed by **February 18, 2009**, and objections to Pretrial Statements must be filed by **March 4, 2009**; and it is further

**ORDERED** that a Pretrial Conference will take place on or about **March 11, 2009**.

_____
Judge Paul L. Friedman
United States District Judge

**Copies via ECF to all counsel of record.**