UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
SARAH BOURBEAU, *et al.*,                )
                                        )
            Plaintiffs,                  )
                                        )
      v.                                 )        Civil Action No. 07-0164
                                        )
THE JONATHAN WOODNER CO.,                )
                                        )
            Defendant.                   )
_____)


MEMORANDUM OPINION AND ORDER

      This matter is before the Court on defendant's motion to certify the Court's Order

of March 31, 2008 for immediate interlocutory review pursuant to 28 U.S.C. § 1292(b).[1]

      On March 31, 2008, this Court issued an Order granting in part and denying in

part defendant's motion for summary judgment.  The Court subsequently issued an Opinion

explaining that Order on April 17, 2008.  In that Opinion, the Court concluded – among other

things – that the federal statutes codifying the Housing Choice Voucher Program do not preempt

the provision of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.*

("DCHRA"), which prohibits landlords from discriminating against potential tenants solely

because those potential tenants intend to pay all or a part of their rent with federally funded rental

assistance vouchers.  See Bourbeau v. Jonathan Woodner Co., Civil Action No. 07-0164, 2008

_____

[1]      The papers submitted in connection with this matter include: Motion to Amend
April 17, 2008 Opinion Pursuant to 28 U.S.C. § 1292(b) and Stay of Proceedings; Plaintiffs'
Memorandum of Points and Authorities in Opposition to Defendant's Motion to Amend April
17, 2008 Opinion and Stay of Proceedings; and Defendant's Reply to Plaintiffs' Opposition to
Motion to Amend April 17, 2008 Opinion.

WL 1757752, at *6-7 (D.D.C. April 17, 2008).  Defendant now asks the Court to permit

interlocutory review of this conclusion under 28 U.S.C. § 1292(b).

Whether to allow an interlocutory appeal of a non-final order under 28 U.S.C.

§ 1292(b) is left in the first instance to the discretion of the district court.  Swint v. Chambers

County Commission, 514 U.S. 35, 47 (1995).  A district court may certify an order for

interlocutory appeal when (1) the order involves a controlling question of law; (2) there exists

"substantial ground for difference of opinion" with respect to that question of law; and (3) an

immediate appeal would materially advance the disposition of the litigation.  28 U.S.C.

§ 1292(b).  Such a certification is rare, and "[t]he party seeking interlocutory review has the

burden of persuading the Court that the circumstances justify a departure from the basic policy of

postponing appellate review until after the entry of a final judgment."  Federal Election

Commission v. Club for Growth, Inc., Civil Action No. 05-1851, 2006 WL 2919004, at *2

(D.D.C. Oct. 10, 2006) (internal quotation marks and citation omitted); see also Tolson v. United

States, 732 F.2d 998, 1002 (D.C. Cir. 1984).

Defendant has not met its burden.  Defendant attempts to demonstrate "substantial

ground for difference of opinion" on this question by pointing to isolated and ambiguous

statements in two cases.  See Salute v. Stratford Greens Gardens Apartments, 136 F.3d 293, 298

(2d Cir. 1998) (stating, in an entirely different context and without analysis or elaboration, that

"landlords have a statutory right to avoid Section 8 participation"); Knapp v. Eagle Property

Management Corp., 54 F.3d 1272, 1282 (7th Cir. 1995) (musing, in dicta, that "[i]t seems

questionable . . . to allow a state to make a voluntary federal program mandatory").  This attempt

fails for two reasons.  First, these statements do not necessarily conflict with the Court's Opinion

2

because, as that Opinion observed, the contested provision of the DCHRA does not actually

mandate landlord participation.[2]    Second, even assuming that these stray remarks are

inconsistent with the Court's Opinion, they remain stray remarks.  And in light of the many

persuasive cases expressly concluding that local laws prohibiting source-of-income

discrimination do not impermissibly conflict with or supersede federal law, stray remarks in two

cases do not indicate that there is *substantial* ground for difference of opinion on this point.  See

Montgomery County v. Glenmont Hills Assocs. Privacy World at Glenmont Metro Centre, 936

A.2d 325, 334-38 (Md. 2007); Commission on Human Rights and Opportunities v. Sullivan

Assocs., 739 A.2d 238, 245-46 (Conn. 1999); Franklin Tower One, L.L.C. v. N.M., 725 A.2d

1104, 1113-15 (N.J. 1999); Attorney General v. Brown, 511 N.E.2d 1103, 1105-07 (Mass.

1987).[3]  Accordingly, it is hereby

ORDERED that defendants' motion  to certify this Court's March 31, 2008 Order

for interlocutory review pursuant to 28 U.S.C. § 1292(b) [18] is DENIED.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
DATE: June 2, 2008                                        United States District Judge

---

[2]        That is because "[l]andlords remain free not to rent to voucher holders provided
they do so on other legitimate, non-discriminatory grounds, such as an applicant's rental history
or criminal history."  Bourbeau v. Jonathan Woodner Co., 2008 WL 1757752 at *6.

[3]        Defendant also asserts that this Court should not have applied traditional federal
preemption doctrine to determine whether federal law preempts the contested provision of the
DCHRA because the District of Columbia's Home Rule Act calls for a different analysis.
Defendant cites no authority for this argument, and the authority of which the Court is aware
contradicts it.  See Scarborough v. Winn Residential L.L.P., 890 A.2d 249, 255 (D.C. 2006).
Thus, there is no substantial ground for difference of opinion on this point.