IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SARAH BOURBEAU, et. al.<br><br>Plaintiffs,<br><br>v.<br><br>THE JONATHAN WOODNER CO.,<br><br>Defendant. | Civil Action No: 1:07CV00164<br>Judge: Paul L. Friedman |

**PLAINTIFF EQUAL RIGHTS CENTER'S
RULE 56(f) MOTION FOR SPECIFIC DISCOVERY**

Plaintiff Equal Rights Center (hereafter, "ERC"), hereby moves the Court for an Order denying Defendant The Jonathan Woodner Company's ("Woodner's") Motion for Summary Judgment and granting ERC an opportunity to obtain discovery on topics relevant to ERC's claims which survived this Court's April 17, 2008 Order granting in part and denying in part Woodner's Motion to Dismiss. This Motion is also supported by the Rule 56(f) affidavit of Thomas A. Reed (attached hereto as Exhibit A), and ERC's Memorandum in Opposition to Woodner's Motion for Summary Judgment.

Since discovery has only recently opened and ERC has been occupied responding to Woodner's various motions since the April 22, 2008, status conference, ERC has had

no opportunity to even commence discovery necessary to prove its claims. The discovery ERC seeks is specified below and in the accompanying affidavit of Thomas A. Reed.

Woodner argues that ERC has not sufficiently alleged discrimination after April 25, 2005, when ERC's charter was reinstated. ERC has responded in its Opposition that it has sufficiently alleged such discrimination by Woodner. In the event that the Court concludes that ERC has not sufficiently pled discriminatory conduct, ERC is entitled to discovery to confirm that Woodner's discriminatory conduct did in fact continue after April 25, 2005. Such evidence directly controverts Woodner's representations that it did not discriminate based on source of income during the applicable period.

Defendant's Motion for Summary Judgment is premature. ERC has not had an opportunity to discover information relevant to the issue raised in the Defendant's Motion. Specifically, ERC claims that Woodner's policy and continuing practice of discrimination against voucher-holders, which existed up until April 8, 2005 (the date Sarah Bourbeau was told Woodner would not accept her Housing Choice voucher as payment; Complaint at ¶22) continued after the reinstatement of ERC's charter on April 25, 2005. ERC is entitled to prove that Woodner's discriminatory policy and practices did not suddenly and inexplicably cease between April 8, 2005 and April 25, 2005.

Summary judgment is "only proper after the plaintiff has been given adequate time for discovery." *Americanble, Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997), quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1998). *See also Elliott v. Federal Bureau of Prisons,* No.Civ.A. 04-1702 slip opin., at *4 (D.D.C. Dec. 27, 2006) (citations omitted), "[A] party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before responding to a summary

judgment motion . . . 'insufficient time or opportunity to engage in discovery' is cause to defer decision on the motion."

Fed.R.Civ.P. 56(f)[1] is "designed to prevent 'railroading' of the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Mkt. Group, Inc*. No.Civ.A. 01-1054, 2003 WL 2148621, at *2 n.5. The standard is met easily in this case, as ERC has had no discovery as of yet. To cure this problem, this Court has discretion to permit necessary, relevant discovery before the motion for summary judgment is resolved. *Felder v. Johanns*, No. 06-910, slip op., 2007 WL 1549088, at *5 (D.D.C. 2007) (citing *Stella v. Mineta*, 284 F.3d 135, 147 (D.C.Cir. 2002).

As the affidavit accompanying this motion illustrates,[2] ERC is entitled to discovery on the following topics: the specifics of Woodner's practice relevant to voucher holders, and whether and to what extent Woodner had an express or implied policy of declining voucher-holders or limiting their acceptance by self-imposed quotas. From this evidence, the trier of fact will be able to determine whether Woodner's pre-reinstatement discriminatory conduct as demonstrated by Sarah Bourbeau's April 8, 2005 experience and the tests conducted by ERC, continued past April 25, 2008.

ERC will depose current and former Woodner employees to discover specific facts regarding Woodner's policies and practices with respect to voucher holders. ERC

---

[1] FRCP 56(f) provides that "[s]hould it appear from the affidavits of the party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

[2] A party seeking additional discovery under Rule 56(f) must inform the court by affidavit (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts. *Cotton v. Washington Metro. Area Transit Auth.,* No.Civ.A. 01-0801, 2004 WL 473658, at *10 (D.D.C. Mar. 3, 2004).

will also examine documents reflecting these policies as well as information on residents of The Woodner apartment complex and other information related to Woodner's acceptance or denial of potential tenants.

Woodner has repeatedly denied that it ever discriminated against voucher-holders seeking housing at its apartment complex, including at any time after April 25, 2005. The discovery ERC seeks will, contrary to Woodner's assertions, provide specific evidence of a discriminatory policy and a pattern of discriminatory conduct during the reinstatement period that will counter any evidence Woodner will proffer of its supposed non-discriminatory practices. As such, the discovery will establish a genuine issue of material fact for trial.

For the foregoing reasons, ERC requests that this Court grant this motion and allow ERC to conduct discovery as specified in the Rule 56(f) affidavit of Thomas A. Reed.

Respectfully Submitted,


/s/ Thomas A. Reed
Thomas A. Reed (#435258)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Tel: 202-661-3713/ Fax: 202-778-9100

Robert M. Bruskin (#164293)
Isabelle M. Thabault (#318931)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-319-1000/ Fax: 202-319-1010

*Counsel for Plaintiffs Sarah Bourbeau and Equal Rights Center*

Dated: July 11, 2008

**CERTIFICATE OF SERVICE**

I certify that on the 11th day of July, 2008, a copy of the foregoing Rule 56(f) Motion for Specific Discovery was filed via the electronic case filing system of the United States District Court for the District of Columbia and, accordingly, that the Court will send notice of this filing electronically to:

Roger D. Luchs, Esq.
Greenstein DeLorme & Luchs, P.C.
1620 L Street NW, Suite 900
Washington, D.C. 20036-5606
rdl@gdlaw.com

/s/ Thomas A. Reed
Thomas A. Reed (D.C. Bar # 435258)

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH BOURBEAU, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>THE JONATHAN WOODNER CO. )<br>)<br>)<br>Defendant. )<br>)<br>)<br>)<br>)<br>) | Civil Action No: 1:07CV00164<br>Judge: Paul L. Friedman |

**RULE 56(f) AFFIDAVIT OF THOMAS A. REED**

I, Thomas A. Reed, do hereby attest and affirm:

1. I am an attorney at the law firm K&L Gates LLP, representing Plaintiff, the Equal Right Center (hereafter, "ERC"), in the above-captioned matter.

2. Defendant, The Jonathan Woodner Company ("Woodner"), filed a Motion for Summary Judgment on June 2, 2008, arguing that ERC cannot prove that Woodner discriminated against housing choice voucher holders after April 25, 2005 (*i.e.*, when ERC's corporate charter was reinstated or "the reinstatement period").

3. As the basis for its motion, Woodner argues that ERC conceded in open court (at the April 22, 2008 status conference) that it did not have evidence of discriminatory conduct during the reinstatement period.

4. ERC will support its claims but has had no opportunity to seek discovery regarding Woodner's policy toward voucher-holders during the reinstatement period and/or its practices with respect to these individuals. Despite the fact that the parties presented a Joint Discovery Plan which was approved by this Court on June 20, 2008, ERC has had to spend the bulk of its time since the status conference having to respond to Woodner's Motion to Amend the Court's April 17, 2008 Opinion and now, the instant Motion for Summary Judgment.

5. To counter Woodner's assertion that it accepts voucher holders and has done so during the entirety of the period after April 25, 2005, ERC requires discovery regarding the following facts:

- Woodner's policies, guidelines and practices regarding the evaluation of rental applications, minimum income requirements for prospective tenants, and the acceptance or rejection of housing choice vouchers;
- Woodner's policies, guidelines and practices regarding advertising to and/or communicating (both orally and in writing) with prospective tenants;
- Woodner's rental application process generally;
- Woodner's policies, guidelines and practices regarding the training of employees, agents, and representatives on the intake, evaluation and processing of prospective rental applicants;

2

- Woodner's communications with employees, agents, and representatives regarding the evaluation of rental applications, minimum income requirements for prospective tenants, and the acceptance or rejection of housing choice vouchers; and
- whether and to what extent Woodner had an express or implied policy of declining voucher-holders or limiting their acceptance by self-imposed quotas.

6. Woodner has repeatedly denied that it ever discriminated against voucher-holders seeking housing at its apartment complex, including at any time during the reinstatement period. The discovery ERC seeks will, contrary to Woodner's assertions, provide specific evidence of a discriminatory policy and a pattern of discriminatory conduct continuing through and beyond April 25, 2005, that will counter any evidence Woodner will proffer of its supposed non-discriminatory practices. Thus, to the extent not already established by ERC's tests and Ms. Bourbeau's experience, the discovery will establish a genuine issue of material fact for trial.

7. ERC will depose current and former Woodner employees to discover specific facts regarding Woodner's policies and practices with respect to voucher holders. ERC will also examine documents reflecting these policies as well as information on residents of The Woodner apartment complex and other information related to Woodner's acceptance or denial of potential tenants after April 25, 2005. As a first step, ERC expects to propound written discovery on these topics shortly.

3

_____
Thomas A. Reed

Subscribed and sworn to before me this 11th day of July, 2008.

_____
Notary Public

Loretto E. Gaiser
Notary Public, District of Columbia
My Commission Expires 3-14-2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH BOURBEAU, et. al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>THE JONATHAN WOODNER CO., )<br>)<br>)<br>Defendant. )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No: 1:07CV00164<br>Judge: Paul L. Friedman |

**[PROPOSED] ORDER**

Having read and considered Plaintiff Equal Rights Center's Rule 56(f) Motion For Specific Discovery and all responses and replies thereto, it is this _____ day of _____ 2008 hereby

ORDERED and adjudged that Plaintiff's motion is GRANTED; and it is further

ORDERED that Defendant's Motion for Summary Judgment, filed on June 2, 2008, is DENIED.

_____
Hon. Paul L. Friedman
United States District Judge