# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SARAH BOURBEAU, et al., | : |
| Plaintiffs, | : |
| v. | : Case No. 1:07CV00164 (PLF) |
|  | : Judge: Paul L. Friedman |
| THE JONATHAN WOODNER CO., | : |
| Defendant. | : |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER
## PURSUANT TO FED. R. CIV. P. 26(C)

Defendant hereby moves that the Court enter a protective order staying any requirement that it respond to outstanding discovery submitted by Plaintiffs and, in support hereof, refers the Court to the attached Memorandum of Points and Authorities.

Plaintiffs' consent to this motion was sought, but was denied.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated:  August 11, 2008

_____/S/_____
Richard W. Luchs, #243931
Roger D. Luchs, #347605
William C. Casano, #352492
1620 L Street, N.W., Suite 900
Washington, DC 20036-5605
Telephone: (202) 452-1400

Counsel for Defendant The Jonathan Woodner Co.

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SARAH BOURBEAU, et al. | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE JONATHAN WOODNER CO., | ) |
|  | ) |
|  | ) |
| Defendant. | ) |

Civil Action No. 1:07CV00164
Judge: Paul L. Friedman

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT
## THE JONATHAN WOODNER COMPANY

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, Equal Rights Center and Sarah Bourbeau (hereafter "Plaintiffs") request that Defendant, The Jonathan Woodner Company ("Defendant"), answer the following Interrogatories. Responses to these Interrogatories should be delivered to the offices of K&L Gates LLP, 1601 K Street, N.W., Washington, D.C., 20006, within 30 days of the date of service.

### Definitions

a.      Unless otherwise specified, the terms "you," "your," and "Defendant" refer to The Jonathan Woodner Company and any of its former and present officers, directors, shareholders, employees, subcontractors, agents, representatives, management companies, divisions, subdivisions, departments, parents, subsidiaries, affiliates, partners, predecessors, successors, and any other persons acting or purporting to act on its behalf. The term "Plaintiffs" refers to the Equal Rights Center and Sarah Bourbeau.

A

b.    The term "person" means any natural or legal person, including, without limitation, any business, governmental, or associational entity.

c.    When referring to a natural person, "identify" means to give the person's full name; present or last known home and work addresses; and home, work, and cellular phone numbers. When referring to all other persons, "identify" means to give, to the extent known, the person's full name; type of organization (corporation, partnership, trust, etc.); address and telephone number of its principal place of business or trustee(s); and the jurisdiction and place of its incorporation, association, or creation. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d.    When referring to documents, "identify" means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); (v) place of origination; and (vi) name and address of the present custodian(s) of all copies thereof; or to attach an accurate copy of the document to the answers to these Interrogatories, appropriately labeled to correspond to the Interrogatory it regards.

e.    When referring to properties, "identify" means to give the name (if one exists) and address of the property.

f.    When referring to communications, "identify" means to give the communication's medium (*e.g.*, written, telephone conversation, email, etc.), the date of the communication, a description of its contents, the name of each person participating in and/or privy to the communication, and the name of the person who initiated the communication.

g.    When referring to facts, events, or actions, "identify" means to give the complete and full details of the fact, event, or action, including the date, time, and place, as well as the

2

identity, as defined above, of all documents, communications, and persons that reflect, refer, relate, evidence, or pertain in any way to such fact, event, or action.

  h.  When referring to a lawsuit or other filed complaint, "identify" means to give the nature of the lawsuit or complaint, the parties involved in the matter, the docket or file number, the court or agency before which the matter was/is proceeding, and the current status of the matter.

  i.  The term "describe" means to state each and every fact concerning the information requested by the Interrogatory, including, without limitation, the identity of each person having knowledge of each fact or opinion relating to the information requested; the identity of each document reflecting or relating to the information requested; the identity of all communications relating to the information requested; and all relevant dates and time periods.

  j.  The term "document" is defined as synonymous in meaning and equal in scope to the use of the term in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, any files or records stored electronically or by computer, including telephone voice mail or electronic mail, whether or not a paper copy of the document is or was at any time in existence. A document includes all documents appended thereto. The documents requested include all marked copies, *i.e.*, any document containing any writing or markings of any kind in the text, in the margins, or on the document's reverse side.

  k.  The term "agent" means any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

  l.  The term "Complaint" means the Complaint, and any amendments thereto, filed in the United States District Court for the District of Columbia in this action.

    m.      The term "concerning" means and includes relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts. These terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject of inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

    n.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, messages, statements, or otherwise).

    o.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    p.      The use of the singular form of any word includes the plural and vice versa.

    q.      The terms "all" and "each" shall be construed as "each and all."

    r.      The term "prospective tenant" refers to any individual who inquired about rental housing with you.

    s.      The terms "property" or "properties" refer to all properties owned or managed by you that are located in Washington, D.C. and which offer housing for lease or rent.

    t.      The terms "rental housing," "housing unit," or "unit" refer to a dwelling that has a distinct mailing address, *e.g.*, a single-family home, apartment, etc.

    u.      The term "Section 8 housing voucher" refers to the Housing Choice Voucher Program, the successor program to the Section 8 Rental Voucher or Rental Certificate program, as administered by the Department of Housing and Urban Development and the District of Columbia Housing Authority.

v.      The term "minimum income guidelines" means any income level that a prospective tenant must meet or exceed in order to rent a housing unit in your properties.

w.      The terms "rental property" or "rental properties" refer to properties that contain rental housing units, *e.g.*, apartment buildings.

### Instructions

a.      These Interrogatories are to be answered separately and fully in writing under oath and are to be signed by the party answering them. Any objections to these Interrogatories are to be made with the answers and signed by the attorney making them.  Please furnish all information that is known or available to you, regardless of whether the information is possessed directly by you or your employees, agents, representatives, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

b.      In accordance with Rule 33(b) of the Federal Rules of Civil Procedure, if you object to responding to any part of an Interrogatory you should respond to each part of the Interrogatory to which you do not object and state separately the grounds for your objection.  If any privilege or protection is claimed regarding any information, state the nature of the privilege or protection claimed (*e.g.*, attorney-client, work product), and describe the factual basis for the claim in sufficient detail to permit the adjudication of the validity of that claim.

c.      If you cannot answer any of the Interrogatories in full after exercising due diligence to secure the information necessary to do so, answer to the extent possible and then specify your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and describing what you did in attempting to secure the unknown information.

d.    These Interrogatories are continuing in nature, and you are required to supplement or correct any responses that are incomplete or incorrect and otherwise supplement your responses in accordance with Federal Rule of Civil Procedure 26(e).

e.    Unless otherwise specified, all Interrogatories concern the time period between January 1, 2001, to the present.

## Interrogatories

**INTERROGATORY NO. 1:** Identify all persons who assisted in preparing your responses to the Plaintiffs' discovery requests, including each person who provided information used to answer these Interrogatories and each person who searched for or provided documents responsive to the Plaintiffs' First Request for Production of Documents to Defendant The Jonathan Woodner Company.

**INTERROGATORY NO. 2:** Identify all persons who possess knowledge pertaining to any fact or issue involved in this action. Include in your response a description of the subject matter, substance and extent of their knowledge, a statement of whether you presently expect to call them as witnesses at trial, and a description of all documents which support, tend to support, or tend to refute your response to this Interrogatory.

**INTERROGATORY NO. 3:** Describe all communications between you and any person(s) concerning the allegations, claims, defenses, and/or subject matter of the Complaint or Defendant's Answer to the Complaint.

**INTERROGATORY NO. 4:** Describe your organizational structure. In your description identify each of your trustees, members, partners, officers, employees, supervisors, and/or managers at your main offices and at all properties that you own or manage.

**INTERROGATORY NO. 5:** Describe your relationship to, and your role in the operations of The Woodner apartment building at 3636 16th Street, N.W., in Washington, D.C., including, without limitation, details regarding your involvement in management decisions and/or day-to-day operations concerning the property.

**INTERROGATORY NO. 6:** Identify all entities, including, but not limited to, individuals, that manage properties that are owned by The Jonathan Woodner Company.

**INTERROGATORY NO. 7:** Describe the training or instruction provided or made available to your employees, agents, representatives, or investigators concerning the rental of housing units in your properties, including, but not limited to, training or instruction concerning Section 8 vouchers, minimum income guidelines, communications with prospective tenants, and the processing of applications for rental housing.

**INTERROGATORY NO. 8:** Describe any communications, instructions, or directions you have given to your employees, agents, representatives, or investigators concerning Section 8 vouchers, the D.C. Human Rights Act, the federal Fair Housing Act, minimum income guidelines, and policies, practices, or guidelines concerning rental applications for your properties, including the criteria used to evaluate rental applications.

**INTERROGATORY NO. 9:** Identify, by property name, address, number of units, and number of bedrooms per unit, each housing unit you own or for which you have management responsibilities.

**INTERROGATORY NO. 10:** For each property identified in Interrogatory No. 9, state whether the property had a policy or practice of not accepting Section 8 vouchers or of limiting the acceptance, in any way, of Section 8 vouchers; the time period the policy or practice was in

effect; and how the policy or practice was communicated to your employees and/or agents, prospective tenants, and owners of the properties.

**INTERROGATORY NO. 11:**  For each year since 2001, state the rent for each type of housing unit you own in Washington, D.C. or for which you have management responsibilities.

**INTERROGATORY NO. 12:**  For each year since 2001, identify, by address, each period of vacancy for each housing unit you own in Washington, D.C. or for which you have management responsibilities.

**INTERROGATORY NO. 13:**  For the period between January 1, 2001 to the present, identify and state the location and shift times of each individual, including receptionists, who had responsibility for answering telephone calls made to your main offices and the main telephone line and/or rental office telephone line for all the properties that you own or manage.  Your response should identify, among other individuals, the person(s) responsible for receiving phone inquiries and/or applications regarding the availability of housing units for The Woodner apartment rental office in April 2005.

**INTERROGATORY NO. 14:**  State any minimum income guideline(s) applicable to each housing unit you own or for which you have management responsibilities.

**INTERROGATORY NO. 15:**  Describe in detail how you calculate income when determining whether a prospective tenant satisfies any minimum income guidelines applicable to any of the housing units that you own or manage.  In your description, identify all sources of income that you include in and/or exclude from your minimum income guideline calculation, and state the reasons for including or excluding each such source of income.

**INTERROGATORY NO. 16:**  Identify and describe in detail all policies, practices, or guidelines that concern the procedures for handling rental applications for your properties,

including the review, processing, approval and/or disapproval procedures for such rental applications.

**INTERROGATORY NO. 17:** For each year since 2001, state the criteria used to determine whether an individual is qualified to rent a housing unit that you own or manage. In your response, identify the property to which the criteria apply or applied. If there were any changes in this policy and/or practice, for each change identify when and why it was made and describe how it was communicated to your employees and/or agents.

**INTERROGATORY NO. 18:** Describe the application process, both written and oral, that you utilize to screen a prospective tenant who seeks to rent a housing unit that you own or manage. Include in your description each step in the application process; the names, job titles, and physical location of each individual with whom a prospective tenant comes into contact during the application process; each form or document used by you to record information about a prospective tenant; and each form or other document that a prospective tenant is asked to complete.

**INTERROGATORY NO. 19:** Describe your decision-making process to determine whether to rent a housing unit to a prospective tenant. In your description include each person who has authority to deny housing to a prospective tenant and identify every factor that you have used to deny housing to a prospective tenant.

**INTERROGATORY NO. 20:** For each year since 2001, state your policy and/or practice concerning whether to rent to Section 8 voucher holders. If there were any changes in this policy and/or practice, for each change identify when and why it was made and describe how it was communicated to your employees and/or agents, prospective tenants, and owners of the properties.

9

**INTERROGATORY NO. 21:**  For the period January 1, 2001, to the present, identify each

instance in which you have rented a housing unit to a Section 8 voucher holder.  Include in your

identification the property name, address, and unit number of the unit rented to that voucher

holder.

**INTERROGATORY NO. 22:**  For the period January 1, 2001, to the present, identify each

instance in which you have informed or otherwise communicated to a person inquiring about

rental housing that you do not or could not, at the time of the inquiry, accept Section 8 vouchers

or otherwise refused to rent to Section 8 voucher holders.

**INTERROGATORY NO. 23:** Describe all communications between you and your employees

and/or agents at every property that you own or manage regarding whether to accept or reject

Section 8 housing vouchers since January 1, 2001.

**INTERROGATORY NO. 24:**  Describe every business or other interest or reason that would

support your refusal to rent to a Section 8 voucher holder because of the person's voucher-

holding status.

**INTERROGATORY NO. 25:** Describe in detail the factual basis for any defense or affirmative

defense that you raised in your Answer to the Complaint.

**INTERROGATORY NO. 26:**  Describe all communications between you and any

governmental entity concerning Section 8 vouchers since January 1, 2001.

**INTERROGATORY NO. 27:** Identify any formal or informal complaint made against you

alleging discrimination based on source of income since January 1, 2001.

**INTERROGATORY NO. 28:**  Identify any lawsuit in any court, and any formal or informal

complaint (pending or concluded) filed with any agency, in which you have been a party

(whether as plaintiff, defendant, petitioner, respondent, or otherwise) that involved allegations of

failure to comply with a provision in a lease agreement, a housing code violation, discrimination, and/or violations of the federal Fair Housing Act and/or the District of Columbia Human Rights Act.

**INTERROGATORY NO. 29:** State whether you retain the completed forms or documents identified in your response to Interrogatory No. 18. If the response is affirmative, state whether the completed forms or documents are retained in electronic or printed-copy format. For records retained electronically, describe the software program(s) used to retain those records.

**INTERROGATORY NO. 30:** State whether you utilize electronic files and/or databases of any kind to collect and/or store information concerning prospective tenants of the properties that you own or manage. If the answer is affirmative, describe in detail the kind of electronic file(s) and/or database system(s) that you utilize, including the fields and/or categories of information that are collected and/or stored concerning each prospective tenant of the properties that you own or manage.

  /s/  Thomas A. Reed
Thomas A. Reed (D.C. Bar No. 435258)
K&L Gates LLP
1601 K Street NW
Washington, DC 20006-1600
Tel: 202-661-3713 / Fax: 202-778-9100
thomas.reed@klgates.com

Robert M. Bruskin (D.C. Bar No. 164293)
Isabelle M. Thabault (D.C. Bar No. 318931)
Washington Lawyers' Committee
For Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-319-1000 / Fax: 202-319-1010
Bob_Bruskin@washlaw.org
Isabelle_thabault@washlaw.org

*Counsel for Plaintiffs,*
*the Equal Rights Center and Sarah Bourbeau*

Dated:  July 15, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2008, I caused a true and correct copy of the foregoing

interrogatories to be served electronically and by first class mail postage prepaid on the

following attorney of record:

Roger D. Luchs, Esq.
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, D.C. 20036-5606
rdl@gdllaw.com


        /s/  Thomas A. Reed _____
        Thomas A. Reed

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SARAH BOURBEAU, et al.         )

       )

     Plaintiffs,       )

       )

v.                      )

       )

THE JONATHAN WOODNER CO.,   )     Civil Action No. 1:07CV00164

       )     Judge: Paul L. Friedman

       )

       )

     Defendant.      )

       )

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE JONATHAN WOODNER COMPANY

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, Equal Rights Center and Sarah Bourbeau (hereafter "Plaintiffs"), serve this request for production of documents upon The Jonathan Woodner Company (hereafter "Defendant") and ask that the requested documents be delivered for inspection and copying within 30 days from the date of service to the offices of K&L Gates LLP, 1601 K Street, N.W., Washington, D.C., 20006.

### Definitions

a.     The term "document" is defined as synonymous in meaning and equal in scope to the use of the term in Federal Rule of Civil Procedure 34(a), including, without limitation, any files or records stored electronically or by computer, including telephone voice mail or electronic mail, whether or not a paper copy of the document is or was at any time in existence. A document includes all documents appended thereto. The documents requested include all marked copies, *i.e.*, any document containing any writing or markings of any kind in the text, in the margins, or on the document's reverse side.

$\mathcal{B}$

b.    The term "person" means any natural or legal person, including, without limitation, any business, governmental, or associational entity.

c.    When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d.    When referring to documents, "identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s), and recipient(s).

e.    When referring to properties, "identify" means to give, to the extent known, the name (if one exists) and address of the property.

f.    The terms "you," "your," and "Defendant," refer to The Jonathan Woodner Company and any of its former and present officers, directors, shareholders, employees, subcontractors, agents, representatives, management companies, divisions, subdivisions, departments, parents, subsidiaries, affiliates, predecessors, successors, and any other persons acting or purporting to act on its behalf. The term "Plaintiffs" refers to the Equal Rights Center and Sarah Bourbeau.

g.    The term "agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

h.    The term "Complaint" means the Complaint, and any subsequent amendments thereto, filed in the United States District Court for the District of Columbia in this action.

i.     The term "concerning" means and includes relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts. These terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject of inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

j.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, messages, statements, or otherwise).

k.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

l.     The use of the singular form of any word includes the plural and vice versa.

m.     The terms "all" and "each" shall be construed as "each and all."

n.     The term "prospective tenant" refers to any individual who inquired about rental housing from you.

o.     The terms "property" or "properties" refer to all properties in Washington, D.C. owned or managed by you, The Jonathan Woodner Company, or any trust that possesses an ownership interest in The Jonathan Woodner Company or that owns properties managed by The Jonathan Woodner Company.

p.     The terms "rental housing," "housing unit," or "unit" refer to a dwelling that has a distinct mailing address, *e.g.*, a single-family home, apartment, etc.

q.     The terms "rental property" or "rental properties" refer to properties that contain rental housing units, *e.g.*, apartment buildings.

3

r.      The term "Section 8 housing voucher" refers to vouchers issued by the Housing

Choice Voucher Program, the successor program to the Section 8 Rental Voucher or Rental

Certificate program, as administered by the Department of Housing and Urban Development and

the District of Columbia Housing Authority.

s.      The term "minimum income guidelines" means any income level that a

prospective tenant must meet or exceed in order to rent a housing unit in your properties.

### Instructions

a.      In responding to these requests, you should furnish all documents that are in your

possession, custody, or control; or in the possession, custody, or control of you or your attorney's

employees, agents, representatives, or investigators.

b.      If you object to fully identifying or producing a document or evidence of oral

communication under a claim of privilege, for each document withheld provide: (1) a description

of the document, *i.e.*, whether it is a letter, memorandum, report, etc.; (2) the name(s) of the

author(s); (3) the name(s) of addressee(s) and all recipients; (4) a brief description of the subject

of the document; (5) the privilege upon which you are relying in withholding the document; and

(6) a statement as to the reason why you contend that the privilege is applicable to the document.

c.      If any request for documents set forth below calls for the production of a

document that was at one time in existence, but has been lost, discarded, or destroyed, as part of

your response to that request, identify each such document as completely as possible, providing

as much of the following information as possible: (1) the type and subject matter of the

document; (2) the date or approximate date the document was lost, discarded, or destroyed; (3)

the circumstances and manner in which the document was lost, discarded, or destroyed; (4) the

reasons for disposing of the document (if discarded or destroyed); (5) the identity of all person(s)

authorizing or having knowledge of the circumstances surrounding the disposal of the document; (6) the identity of the person(s) who lost, discarded, or destroyed the document; and (7) the identity of all person(s) having knowledge of the contents of the document.

d.      Each request is continuing in nature, and you are required to provide supplemental answers if you obtain further or different documents before the trial of this matter. Each such supplemental response shall be served at reasonable intervals, but no less than 15 days prior to trial.

e.      In accordance with Federal Rule of Civil Procedure 34, the documents you produce must be ordered either as they are kept in the usual course of business, or organized and labeled to correspond with these requests.

f.      Unless otherwise specified, all requests concern the time period between January 1, 2001 to the present.

## Requests for Production

**DOCUMENT REQUEST NO. 1** All documents relating to, concerning, or identified in your answers to Plaintiffs' First Set of Interrogatories.

**DOCUMENT REQUEST NO. 2** All documents concerning the allegations in the Complaint, the subject matter of the Complaint, and/or the Answer.

**DOCUMENT REQUEST NO. 3** All documents concerning any meeting, conversation, or other communication between you and any person(s) regarding this lawsuit or the Section 8 housing voucher program.

**DOCUMENT REQUEST NO. 4** All documents, including contractual agreements, between you and any person(s) concerning the management of any of your properties.

**DOCUMENT REQUEST NO. 5** Documents sufficient to show the ownership of the properties named in the Complaint.

**DOCUMENT REQUEST NO. 6** Documents sufficient to show all entities, including, but not limited to, individuals and trusts, that have an ownership interest in the Jonathan Woodner Company or that own properties which are owned or managed by the Jonathan Woodner Company.

**DOCUMENT REQUEST NO. 7** All documents concerning any communications, instructions, or directions you have given to your employees concerning Section 8 vouchers; the D.C. Human Rights Act, the federal Fair Housing Act, minimum income guidelines, and policies, practices, or guidelines regarding rental applications, including the criteria used to evaluate rental applications.

**DOCUMENT REQUEST NO. 8** All documents identifying or listing properties you own or for which you have management responsibility.

**DOCUMENT REQUEST NO. 9**  All documents concerning any minimum income guidelines applicable to each of your rental properties.

**DOCUMENT REQUEST NO. 10**  For each year since 2001, produce documents sufficient to show the monthly rent for all units in all of your rental properties.

**DOCUMENT REQUEST NO. 11**  Documents sufficient to show the rental policies, practices, and/or guidelines applicable to each of your rental properties.

**DOCUMENT REQUEST NO. 12** All documents concerning all tenant vouchers, including, but not limited to, Section 8 housing vouchers, including policies, guidelines, and/or reasons for your decision to accept or reject such vouchers.

**DOCUMENT REQUEST NO. 13**  All manuals or other materials concerning policies, practices, training or guidelines that concern the procedures for handling rental applications for your properties, including the review, processing, approval and/or disapproval procedures for such rental applications.

**DOCUMENT REQUEST NO. 14** All documents concerning training or instruction provided or made available to your employees and/or agents concerning the rental of housing units in your properties, including, but not limited to, training or instruction concerning Section 8 vouchers, minimum income guidelines, communications with prospective tenants, and the processing of applications for rental housing.

**DOCUMENT REQUEST NO. 15**  All documents concerning your compliance with the federal Fair Housing Act or the District of Columbia Human Rights Act.

**DOCUMENT REQUEST NO. 16**  All documents concerning prospective tenants for your rental housing, including, without exception, all forms, files, documents provided by or supplied to prospective tenants, notes, electronic data, or lease agreements.

7

**DOCUMENT REQUEST NO. 17** All documents concerning the income, and/or financial status of prospective, past, and/ or current tenants in all properties that are managed by the Jonathan Woodner Company, including any studies, surveys, statistics, or reports compiling such information.

**DOCUMENT REQUEST NO. 18** All documents concerning any insurance coverage applicable to the allegations in the Complaint.


/s/ Thomas A. Reed
Thomas A. Reed (D.C. Bar No. 435258)
K&L Gates LLP
1601 K Street NW
Washington, DC 20006-1600
Tel: 202-661-3713 / Fax: 202-778-9100
thomas.reed@klgates.com

Robert M. Bruskin (D.C. Bar No. 164293)
Isabelle M. Thabault (D.C. Bar No. 318931)
Washington Lawyers' Committee
For Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-319-1000 / Fax: 202-319-1010
Bob_Bruskin@washlaw.org
Isabelle_thabault@washlaw.org

*Counsel for Plaintiffs,*
*the Equal Rights Center and Sarah Bourbeau*


Dated:  July 15, 2008

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2008, I caused a true and correct copy of the foregoing

requests for production to be served electronically and by first class mail postage prepaid on the

following attorney of record:

Roger D. Luchs, Esq.
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, D.C. 20036-5606
rdl@gdllaw.com


                                      /s/  Thomas A. Reed
                                      Thomas A. Reed

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SARAH BOURBEAU, et al.,                  :
                                         :
      Plaintiffs,                     :
                                         :
   v.                                    :   Case No. 1:07CV00164 (PLF)
                                         :   Judge: Paul L. Friedman
THE JONATHAN WOODNER CO.,                 :
                                         :
      Defendant.                      :
                                         :

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

On July 15, 2008, Plaintiffs Equal Rights Center ("ERC") and Sarah Bourbeau (collectively "ERC"), through their counsel, served undersigned counsel with a set of Interrogatories and a Request for Production of Documents.  As is discussed in more detail below, both are both overly broad and seek information not reasonably calculated to lead to the discovery of admissible evidence.  And both were served nearly six weeks after Woodner filed its Motion for Summary Judgment on ERC.  And as is alluded to in the conclusion to Defendant's ("Woodner") Reply to ERC's Opposition to its Motion for Summary Judgment, the discovery sought evidences ERC's determination to conduct a "fishing expedition," for its own rather than Ms. Bourbeau's benefit.

Pursuant to Fed. R. Civ. P. 26(c), the Court may enter any order which justice requires to protect the moving party from, *inter alia*, annoyance and undue burden and expense.  There is currently pending before the Court Woodner's Motion for Summary Judgment ("Woodner's Motion"), which was filed before ERC sent out its discovery.  Woodner's Motion is premised on ERC's admission that it has no "specific facts" to support its charge that Woodner, after April

25, 2005 when its charter was reinstated, engaged in, and continues to engage in, a "pattern and practice" of discrimination against Section 8 voucher holders.

Under Fed. R. Civ. P. 26(c), the entry of an order staying discovery pending the determination of a dispositive motion is "an eminently logical means to prevent wasting the time of all concerned, and to make the most efficient use of judicial resources." Chavous v. D.C. Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1 (D.D.C. 2001), citing Coastal States Gas Corp. v. Department of Energy, 84 F.R. D. 278, 282 (D. Del. 1979). See, similarly, Yongo v. Nationwide Affinity Insurance Co., 2008 U.S. Dist. Lexis 14684 (W.D. N.C. 2008), wherein the Court, relying in part on Tilley v. United States, 270 F. Supp. 2d 731, 732 (M.D.N.C. 2003), aff'd, 85 Fed. Appx. 333 (4th Cir. 2004), cert. den., 543 U.S. 819 (2004), held that: "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion."

If Woodner's Motion is granted, ERC would have no claims remaining herein, thus leaving Bourbeau as the sole plaintiff. That would effectively moot out many, if not most, of the interrogatories and requests for documents submitted by Woodner and Bourbeau jointly, because they are almost entirely for ERC's benefit rather, for the benefit of both ERC and Bourbeau. Copies of both the interrogatories and request for documents are attached as Exhibit "A".

By way of example, interrogatories 6, 9 and 10 inquire about Woodner's operations everywhere and not just within the District of Columbia.[1]  Interrogatory 10 inquires regarding Woodner's policies with respect to Section 8 voucher holders as to all apartment buildings Woodner owns or manages whether they are located in, or outside the District.  But ERC's (and, for that matter, Bourbeau's) claim of discrimination is premised entirely on a provision of District of Columbia law and a HUD regulation which ostensibly reserves to the District and the states the option to decide whether they wish to bar discrimination against Section 8 voucher holders.  Thus, Woodner's policies or practices outside the District are simply irrelevant, because state and local laws are not uniform on the matter.  Similarly, Interrogatory 14 seeks minimum income guidelines for each housing unit Woodner owns or for which it has management duties, no matter where they are located.  If state or local law is determinative, then why is information regarding Woodner's practices in other states or localities being sought?

Interrogatories 11, 12, 13, 17, 20, 21, 22, 23, 26 and 27 seek information from 2001 to the present, on every single unit at the Woodner – there are over 1000 – and on every individual "who had responsibility for answering telephone calls" for "all the properties you own or manage."  Given that Bourbeau identifies just one occasion on which she claims to have contacted the Woodner, and have been told that it would not accept Section 8 vouchers, i.e. April 8, 2005, it must be assumed ERC is seeking this information for its own benefit.  And it would be an understatement to say that its effort to acquire information regarding over 1000 units at the Woodner, and all such employees, from 2001 to the present, is gross overreaching, especially since in ERC's complaint, and in its Opposition, it has failed to identify even one act of discrimination detected by it or Bourbeau after April 8, 2005.

---

[1]  The discovery requests are not entirely clear.  Based on the "Definitions" included in each, in some instances, it appears the information or documents that are sought just pertain to Woodner properties in the District of Columbia. In other instances, the information sought appears to be for all properties owned or managed by Woodner, for any of its properties, whether inside or outside the District.

Similar overreaching may be found in ERC's and Bourbeau's document requests. All management agreements for all Woodner properties are sought ("Request 4"), all documents showing the monthly rents for <u>all</u> units in all Woodner properties, from 2001 to the present, are sought ("Request 10"), and "all documents concerning prospective tenants" for all Woodner properties are sought ("Request 16"). In Request 17, "All documents concerning the income, and/or financial status of prospective, past and/or current tenants in all properties that are managed by Jonathan Woodner Company" are requested. It is evident ERC simply wants to have Woodner expend many hours of staff time reviewing and assembling documents rather than focus on matters pertinent to its discrimination claim.

As is demonstrated in Woodner's Motion, and its opposition to ERC's Rule 56(f) Motion, a party may not use outstanding discovery requests to avoid summary judgment, if it had no "specific facts" to support its claim when it filed the same. Nor may it use discovery to engage in a fishing expedition. At this point, that is precisely what ERC has in mind.

<u>**Conclusion**</u>

Undersigned counsel represented a number of landlords sued by ERC in Superior Court. In those suits ERC undertook to use even a single act of purported discrimination, to bombard the affected defendants with wide ranging, over the top discovery requests, to do precisely what the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007) refused to sanction, <u>i.e.</u>, using discovery to "terrorize" defendants into settling for fear of incurring huge litigation costs and diversion of staff time.

Here, ERC made allegations in its complaint it had never had any factual basis to make. Undoubtedly, it recognized that without such allegations, its would have been dismissed early on in the case, thus leaving Bourbeau as the sole plaintiff. Woodner has already been forced to expend substantial sums to force ERC to acknowledge that it advanced claims on its own behalf

4

without any basis for doing so.  That it would continue to try to keep its claim alive, even though

it has admitted it has never had to support it, is telling as to ERC's motive in bringing its claim in

the first place.  Nevertheless, Woodner should not be compelled to incur even more expense

because ERC has decided it should be made a target to enable ERC to reach whatever goal it has

in mind.

<br>

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated:  August 11, 2008

_____/S/_____
Richard W. Luchs, #243931
Roger D. Luchs, #347605
William C. Casano, #352492
1620 L Street, N.W., Suite 900
Washington, DC 20036-5605
Telephone: (202) 452-1400

Counsel for Defendant The Jonathan Woodner
Co.

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          :
SARAH BOURBEAU, et al.,                   :
                                          :
            Plaintiffs,                    :
                                          :
    v.                                    :       Case No. 1:07CV00164 (PLF)
                                          :       Judge: Paul L. Friedman
THE JONATHAN WOODNER CO.,                  :
                                          :
            Defendant.                     :
                                          :
_____ :

**ORDER**

Upon consideration of Defendant's Motion for Protective Order Pursuant to Fed. R. Civ.

P. 26(c), it is by the Court this _____ day of _____, 2008;

            ORDERED, that the Motion is granted; and it is

            FURTHER ORDERED, that Defendant shall not be required to answer or respond to

Plaintiffs First Set of Interrogatories or First Request for Production of Documents unless or until

so directed by this Court after it rules upon Defendant's Motion for Summary Judgment.


                                    _____
                                    Judge Paul L. Friedman

4278\24\343128

COPIES TO:

Richard W. Luchs, Esq.
Roger D. Luchs, Esq.
William C. Casano, Esq.
Greenstein DeLorme& Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, DC  20036-5605

Thomas A. Reed, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC  20006

Robert M. Bruskin, Esq.
Isabelle M. Thabault, Esq.
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, DC  20036

4278\24\343128