## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH BOURBEAU<br><br>EQUAL RIGHTS CENTER<br><br>           Plaintiffs,<br><br>      v.<br><br>THE JONATHAN WOODNER CO.<br><br>          Defendant. | Civil Action No: 1:07CV00164<br>Judge: Paul L. Friedman |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S
## MOTION FOR PROTECTIVE ORDER

Plaintiffs Sarah Bourbeau and Equal Rights Center (hereafter, "Plaintiffs"), by their undersigned counsel, submit the following response and opposition to Defendant The Jonathan Woodner Company's ("Woodner's") Motion for Protective Order. Woodner's motion is a baseless and transparent attempt to delay discovery and as such should be summarily denied by this Court. While Woodner claims its motion is based on the alleged overbreadth of the requests, its motion is in fact a thinly disguised motion for a stay to prevent discovery while the Court considers Woodner's June 2, 2008 Motion for Summary Judgment, which is pending only against ERC. As such, it cannot be granted as to Plaintiff Bourbeau and should not be granted as to Plaintiff ERC.

The interrogatories and document requests in question were served Woodner on behalf of Ms. Bourbeau and ERC on July 15, 2008. Responses were due by August 18, 2008. Woodner neglected to file a motion to stay proceedings when it sought summary judgment on June 2, and it then allowed a full twenty-six days of its discovery-response period to lapse before filing the instant motion. Contrary to Woodner's empty protestations, such dilatory conduct does not reflect a desire to preserve judicial resources.

As a substantive matter, Plaintiffs' discovery requests seek information regarding Woodner's policies and practices towards individuals who seek to use Housing Choice vouchers to pay a portion of their rent. Woodner's motion fails to demonstrate how Plaintiffs' reasonably calculated and limited discovery requests do not address this central issue head on.

As Woodner must acknowledge, its summary judgment motion does not encompass Ms. Bourbeau's claims. Her case will proceed regardless of the outcome of Woodner's efforts to defeat ERC's claims. Thus, she is clearly entitled to full discovery according to the Court-ordered schedule which has fact discovery closing on October 15, 2008, less than 60 days from now. Nevertheless, Woodner has made no attempt to show why Ms. Bourbeau's case should be put on hold while the summary judgment motion is pending. Nor has Woodner effectively shown why Ms. Bourbeau should not be interested in Woodner's policy and practices towards voucher holders, that is, why the discovery requests, as written, are not equally applicable to her claims.

These defects aside, Woodner's motion is also procedurally improper. Specifically, Woodner claims to find all of the requests objectionable in their entirety, but

it made no attempt to discuss its objections with Plaintiffs before filing the instant

motion, as is required by LCvR 7(m).  Woodner's "meet and confer" request indicated

only that it intended to seek a stay of discovery until such time as the Court resolved its

pending summary judgment motion.  It made no effort to discuss its "concerns" regarding

the purported overbreadth and relevance of the various requests.  Nor did it attempt to

provide responses to those requests specifically directed to Woodner's policies and

practices vis-à-vis voucher holders, to which Woodner had no objections.  As discussed

below, Woodner failed to respond to such obviously relevant and appropriate discovery

requests as those asking it to "describe the training or instruction provided or made

available to your employees" concerning Section 8 vouchers (Interrogatory 7); "describe

communications, instructions, or directions you have given to your employees"

concerning Section 8 vouchers (Interrogatory 8); and to produce all documents related to

these topics (Document Request 14).

        As discussed below, the issues Woodner did raise could easily have been resolved

by the parties short of expensive litigation if they had been appropriately raised in

Woodner's meet and confer communication.  Woodner chose not to do so because it in

fact has no interest in resolving legitimate discovery concerns – its goal, as stated in its

pre-filing e-mail to Plaintiffs' counsel (but not stated in its motion to this Court), was to

"postpone answering discovery…until we have a ruling on the summary judgment

motion…"  *See* discussion at p.10, *infra*.  Clearly this should have been addressed in a

motion for a stay of discovery as to ERC.  However, because such a motion would not

have affected Ms. Bourbeau's discovery rights, Woodner has improperly styled its

motion as one for a protective order which seeks to delay all discovery.  As such,

3

Woodner's Motion for Protective Order should be denied, and further, Woodner should be ordered to respond immediately and fully to Plaintiffs' discovery requests.[1]

### I.   Woodner's Effort to Stay Discovery Is Baseless and Untimely.

The discovery process is necessary to develop the factual basis for the litigants' claims and/or defenses and should not be disrupted unless good cause is shown. *See, e.g., Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority,* 201 F.R.D. 1, 3 (D.D.C. 2001), citing *Feldman v. Flood, 176 F.R.D.* 651, 652 (Md. Fla.1997) (A trial court "should not stay discovery which is necessary to gather facts in order to defend against [a] motion [to dismiss]."); *Coastal States Gas Corp. v. Dept. of Energy,* 84 F.R.D 278, 282 (D. Del. 1979) ("Discovery should precede consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand.").  Therefore, a party moving to stay discovery while a dispositive motion is pending must show that the discovery bears no relevance to the dispositive motion.

As noted in Plaintiffs' opposition to Woodner's summary judgment motion (filed on July 11, 2008) the motion is premature and is not supported by a single shred of record evidence, and Woodner fails to establish in the instant motion that the discovery Plaintiffs seek is not relevant to the issues raised in the summary judgment motion or otherwise not reasonably calculated to lead to admissible evidence.  Indeed, for Ms. Bourbeau's part, the information sought regarding Woodner's discriminatory policy and practices towards voucher holders will tend to support her claim that she was illegally denied housing due to her source of income, and as to ERC, the requested discovery will reveal Woodner's

---

[1] Accompanying this opposition brief, Plaintiffs have filed a Cross Motion under Fed. R. Civ. P. 37(a) to Compel Responses to Interrogatories and Document Requests and for Sanctions.

post April 25, 2005 discriminatory policies against voucher holders and thereby provide a further basis for denial of Woodner's summary judgment motion.

Woodner's motion to stay discovery is also conspicuously last minute. It is clear from the transcript of the April 22, 2008 status hearing before this Court that Woodner had been contemplating its summary judgment motion since the resolution of its motion to dismiss or at least as early as the hearing. Yet, thereafter it agreed to the jointly recommended discovery schedule presented to the Court; it never discussed scheduling relief with Plaintiffs or sought such from the Court; it neglected to file a stay motion along with its June 2 summary judgment motion when it certainly could have and should have done so if it was so concerned that it would be injured by ERC's inevitable discovery requests; and it wasted twenty-six days of its response period, nearly the full term, before filing the instant motion.[2] Also notable is the fact that Woodner argued in its response to Plaintiffs' Rule 56(f) motion that Plaintiffs should have sought discovery earlier,[3] yet now seeks to delay that very discovery.

Plaintiffs have initiated discovery to which they are entitled and which the scheduling order in this case anticipates. Notably, Woodner did not seek expedited consideration of its motion for protective order, and lacking an order from this Court halting discovery, it is not authorized to refuse to respond to Plaintiffs' discovery requests. Its failure to do so by the August 15 deadline is a clear violation of Rule 33 of the Federal Rules of Civil Procedure and should not be sanctioned by this Court. In

---

[2] Plaintiffs' discovery requests were served on July 15, 2008. Woodner filed its Motion for Protective Order on August 11, 2008, just five days before its responses were due.

[3] "ERC failed to take action while Woodner's Motion for Summary Judgment was pending and after undersigned counsel consented to a brief extension of time to file its opposition. It was not until the instant motion was filed on July 11, 2008 that any efforts related to discovery were taken." Defendant's Opposition to Plaintiffs Rule 56(f) Motion at 7.

effect, Woodner has granted its own stay request despite no word from the Court on the subject. At the very least, Woodner has no grounds to refuse to provide the requested information to Ms. Bourbeau as the Court considers the issues related to ERC's case.

## II. Plaintiffs' Discovery Requests Are Reasonably Calculated to Elicit Information Relevant to Both Ms. Bourbeau's and ERC's Claims.

Fed. R. Civ. P. 26(c) imposes a heavy burden on parties seeking a protective order against discovery. *See Klayman v. Judicial Watch, Inc.*, 247 F.R.D. 19, 22 (D.D.C. 2007), citing *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998). The moving party must present specific facts in support of the request, as opposed to conclusory or speculative statements about the need for an order and the harm which will be suffered without one. Indeed, "[t]he moving party has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order." *Alexander v. FBI.,* (186 F.R.D.) at 75, citing *Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles*, 179 F.R.D. 41 (D. Mass. 1988) (moving party's argument that depositions would be irrelevant or unduly burdensome did not constitute extraordinary circumstances necessary for a protective order). Similarly, extraordinary circumstances do not exist here. Woodner's assertions about the harm (*i.e.,* the economic harm) it will suffer without a protective order ring hollow.

At the core of this case, both plaintiffs seek to prove not only that Woodner engaged in discriminatory acts in violation of the D.C. Human Rights Act, but also that such acts were taken pursuant to discriminatory policies and practices employed by Woodner in violation of D.C. law. Plaintiffs also seek punitive damages and intend to prove that Woodner willfully disregarded the rights of voucher holders, particularly after the ERC's highly publicized litigation against a number of other D.C. landlords also

represented by Woodner's counsel here.  Most if not all of the discovery requests address these central issues, and the requests are equally applicable to the claims raised by both plaintiffs.  Indeed, illegal discriminatory acts may be proven just as well by circumstantial evidence – such as the existence of an illegal policy, instructions given to employees to refuse or limit voucher holders, or discrimination suffered by other voucher holders, the type of information that will be drawn out by Plaintiffs' discovery requests – as they can be proven by direct evidence.  *See Jackson v. American Chemical Soc*., 812 F. Supp. 239, 241 (D.D.C. 1993), citing *United Postal Service Board of Governors v. Aikens,* S. Ct. 1478, 1481 (1983) ("As in any lawsuit, the plaintiff [in a discrimination case] may prove his case by direct or circumstantial evidence.").  To suggest that Ms. Bourbeau's case is limited solely to evidence of her experience on April 8, 2005 (*see* Def. Mtn. at 3) ignores this basic principle.

Rule 26 entitles a party to discover information if the information sought appears "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Once a party has established relevance, the party opposing discovery bears the burden of showing why discovery should not be allowed.  *See Elsworth Associates Inc. v. U.S.*, 917 F. Supp 840, 843 (D.D.C. 1996) (denying defendants' motion for protective order where requisite showing was not made).  Woodner has not met this burden.  It describes certain of Plaintiffs' requests as "not entirely clear" or "overreaching" (objections that were not properly raised as discussed below), but it fails to explain why the information sought is not relevant to its policies or practices specific to voucher holders, and further why Ms. Bourbeau, let alone ERC, is not entitled to this crucial evidence.

Woodner's argument that if its summary judgment motion against ERC is granted, it would "effectively moot out many, if not most" of Plaintiffs' discovery requests because they are "almost entirely for ERC's benefit" (Def. Motion at 2) is simply absurd.  For instance, Woodner insists that information about dates other than April 8, 2005 would be inapplicable to Ms. Bourbeau's claims.  *See* Def. Motion at 3.  In other words, because Ms. Bourbeau only alleges an act of discrimination on April 8, 2005, she must somehow be barred from seeking information about Woodner's treatment of voucher holders on any other date, or regarding its discriminatory policy toward voucher holders.   This information would be discoverable even if Ms. Bourbeau were the only plaintiff in this case precisely because it tends to corroborate her claims that she was discriminated against.

Even if summary judgment is granted with respect to ERC, Ms. Bourbeau is entitled to the information and documents Plaintiffs seek, and a stay will cause unnecessary delay with respect to discovery on these highly relevant issues and additionally will jeopardize this Court's prescribed time frame for completing discovery.[4]

### III.    Woodner Must At Least Respond To The Discovery Requests To Which It Has No Legitimate Objections.

In addition to the fact that Woodner never raised any objections to Plaintiffs' discovery requests before filing this motion, the Federal Rules of Civil Procedure nonetheless require responding parties to state their objections clearly and thereafter to respond to those requests, or portions of the requests, that they do not deem objectionable.  *See* Fed. R. Civ. P. 33(b)(1) and 34(b); *see also Williams v. Johanns*, 235 F.R.D. 116 (D.D.C. 2006) (granting motion to compel responses to interrogatories and

---

[4] The scheduling order in this case requires discovery to be completed by October 15, 2008.

requests for production of documents where plaintiffs objected to all but two requests for

production as "overly broad," and gave answers to non-objectionable interrogatories that

provided little to no substantive information).  Accordingly, Woodner is not excused

from its obligation to respond to reasonable discovery requests to which it has offered no

objections simply because it has filed a motion for protective order.  Its assertions that

Plaintiffs' discovery requests are overbroad and are otherwise issued largely for ERC's

benefit do not justify its blanket refusal to respond to *all* of the discovery.

      For example, Woodner takes no issue with Interrogatories 1 through 5, 7, 8, 14,

15, 16, 18, 19, 24, 25, 28, 29, or 30, or Requests for Production of Documents 1, 2, 3, 5,

6, 7, 8, 9, 11, 12, 13, or 15.  Surely nothing could be more relevant to both Plaintiffs'

claims than the topics raised by these discovery requests, which include: training or

instruction Woodner employees received regarding Section 8 vouchers (Interrogatory 7);

communications or directions to employees regarding Section 8 vouchers (Interrogatory 8

and Document Request 7); minimum income guidelines applicable to each housing unit

(Interrogatory 14 and Document Request 9); how income is calculated when determining

minimum income guidelines (Interrogatory 15); policies, practices, guidelines, and

procedures governing the handling of rental applications (Interrogatory 16 and Document

Request 11); the application process used to screen prospective tenants (Interrogatory

18); the decision-making process regarding whether to rent to a prospective tenant

(Interrogatory 19); documents concerning tenant Housing Choice vouchers (Document

Request 12); and manuals concerning policies for handling rental applications (Document

Request 13).

Yet, Woodner attempts to sweep these highly relevant requests in with those to which it objects, rather than responding to them in a timely manner and allowing the case to proceed.

### IV.  Woodner's Motion Is Procedurally Improper.

LCvR 7(m) requires that counsel, before filing any non-dispositive motion in a civil case, "must discuss the anticipated motion with opposing counsel ... in a good faith effort to determine whether there is any opposition" and "to narrow the areas of disagreement." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006) (denying defendant's motion to compel based on failure to comply with conference requirement).  The obligation to confer may not be satisfied by "perfunctory action" but requires a good faith effort to resolve the non-dispositive dispute.  *Id*.  Here, Woodner's "meet and confer" communication consisted of the following perfunctory e-mail message to Plaintiffs' counsel:

> "Tom – we expect to move for a protective order early next week to postpone answering discovery you forwarded until we have a ruling on the summary judgment motion which, if granted, would moot quite a bit of it.  Per District Rules, we are seeking your client's consent."

*See* Exhibit A, attached hereto.

Woodner failed to mention, let alone narrow, the objections it now raises in its motion which hinge on three main complaints: (1) that Plaintiffs have asked for information on Woodner properties outside of the District of Columbia (Def. Motion at 1, 3); (2) that the requests are overbroad in terms of the time period they encompass (Def. Motion at 3-4); and (3) the requests amount to a "fishing expedition" for the sole benefit of ERC rather than Sarah Bourbeau (Def. Motion at 1-2).  The first issue is simply erroneous and could have been clarified if Woodner had satisfied its obligation to meet

and confer before filing a non-dispositive motion;[5] as to the second, it is likely that the parties could have settled upon a mutually agreeable date range and avoided the time and expense of Defendant's motion and this opposition if Woodner had notified Plaintiffs of its concerns in the meet and confer, or if it had properly submitted written objections to the portions of the requests it deemed "overreaching;" and finally, the third complaint lacks merit, as discussed herein, particularly since Woodner fails to demonstrate why specific requests are not relevant to Ms. Bourbeau's claims.

## Conclusion

Woodner's Motion for Protective Order is nothing more than a dilatory tactic designed to avoid reasonable discovery. Plaintiffs have demonstrated that their requests seek information relevant to Woodner's discriminatory practices and policy towards voucher holders (issues equally applicable to *both* Plaintiffs' claims), and such requests are reasonably targeted to produce only the information relevant to their claims and essential to the prosecution of their respective cases. Woodner has not shown otherwise. Furthermore, Woodner's motion is procedurally defective. It waited until just before its responses were due to file. It made no attempt to inform Plaintiffs of the specific nature of its objections – stating only that it desired a stay of discovery until the Court resolved

---

[5] Defendant's motion states, "by way of example, interrogatories 6, 9, and 10 inquire about Woodner's operations everywhere and not just within the District of Columbia" (Def. Motion at 3) and adds in a footnote that the requests are "not entirely clear" as to whether the information or documents requested "just pertain to Woodner properties in the District of Columbia." Def. Motion at 1. In reality, Plaintiffs did not request information on properties outside of Washington, D.C. Had Woodner raised this issue before filing the instant motion, Plaintiffs would simply have directed Woodner to the Definitions sections of their Interrogatories and Requests for Production, which state, "The terms 'property' or 'properties' refer to all properties owned or managed by you that are located *in Washington, D.C.* and which offer housing for lease or rent." Plaintiff's Interrogatories at 4; Plaintiffs Requests for Production of Documents at 3 (emphasis added). Moreover, Woodner could have confined its response to its D.C. properties and objected to the requests to the extent that they called for information outside of D.C. Instead, it chose to delay discovery by manufacturing an issue for purposes of the instant motion.

its summary judgment motion. Had it done so, the parties could have avoided having to litigate the issue, that is, assuming its late-raised objections were made in good faith and not pretextual. Finally, Woodner makes no distinction between requests it challenges as "unclear" or "overreaching" and those it deems uncontroversial. Improperly, it refuses to answer *all* requests including those that would indisputably lead to relevant information regardless of whether ERC is allowed to continue in this case or not.

For these reasons, the Court should deny Woodner's motion and order it to respond immediately to Plaintiffs' discovery requests.

Respectfully Submitted,

/s/ Thomas A. Reed_____
Thomas A. Reed (#435258)
Jenée Desmond-Harris (Bar No. Pending)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Tel: 202-661-3713/ Fax: 202-778-9100

Robert M. Bruskin (#164293)
Isabelle M. Thabault (#318931)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-319-1000/ Fax: 202-319-1010

*Counsel for Plaintiffs Sarah Bourbeau and
Equal Rights Center*

Date: August 21, 2008

## CERTIFICATE OF SERVICE

I certify that on the 21st day of August, 2008, a copy of the foregoing Opposition to Defendant's Motion for Protective Order was filed via the electronic case filing system of the United States District Court for the District of Columbia and, accordingly, that the Court will send notice of this filing electronically to:

Roger D. Luchs, Esq.
Greenstein DeLorme & Luchs, P.C.
1620 L Street NW, Suite 900
Washington, D.C. 20036-5606
rdl@gdlaw.com

/s/ Thomas A. Reed_____
Thomas A. Reed