IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH BOURBEAU<br><br>EQUAL RIGHTS CENTER<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE JONATHAN WOODNER CO.<br><br>　　　　　Defendant. | Civil Action No: 1:07CV00164<br>Judge: Paul L. Friedman |

**PLAINTIFFS' CROSS MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES AND DOCUMENT REQUESTS, FOR SANCTIONS, AND FOR EXPEDITED CONSIDERATION**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiffs Equal Rights Center and Sarah Bourbeau (hereafter "Plaintiffs"), by their undersigned counsel, respectfully request that this Court compel Defendant, the Jonathan Woodner Company ("Woodner") to respond immediately and fully to Plaintiffs' discovery requests, impose sanctions on Woodner for its failure and refusal to respond to Plaintiffs' requests, and expedite its consideration of both this motion and Woodner's ill-conceived August 11, 2008 Motion for Protective Order.

**I. Plaintiffs Are Entitled to An Order Compelling Defendant to Respond Fully to the Outstanding Discovery Requests.**

Although Woodner has tried to avoid addressing Plaintiffs' claims on the merits since this case was filed in 2007, in its most recent attempt in this regard, *i.e.*, its June 2,

2008 Motion for Summary Judgment, Woodner neglected to file a stay motion. Thus, when ERC and Ms. Bourbeau filed timely discovery requests on July, 15, 2008, pursuant to an agreed upon and Court endorsed discovery schedule, Woodner realized that by mid-August it would have to make the very discovery it has sought to avoid – the discovery which Plaintiffs believe will establish that the incidents of illegal discrimination observed by the ERC testers and Ms. Bourbeau in April 2005 in fact continued unabated thereafter. Rather than face this unpleasant fact, Woodner proceeded to waste twenty-six days of its response period, nearly the full term, before filing its Motion for Protective Order on August 11, 2008. As explained more fully in Plaintiffs' Opposition to this Motion, filed simultaneously herewith and incorporated by reference, Woodner's Motion is a thinly disguised motion for a stay and presents no basis whatsoever for a protective order. Under the erroneous belief that filing the motion for a protective order somehow obviated its discovery obligations, Woodner did not respond to any of the outstanding discovery requests when due on August 15, 2008. As a result, on August 18, counsel for Plaintiffs, in accordance with LcVR 7(m), notified Woodner's counsel of Plaintiffs' intention to file the instant motion. Counsel for Woodner confirmed that Woodner has no intention of responding to Plaintiffs' discovery requests.

      As discused in the accompanying opposition to Woodner's Motion for Protective Order, Woodner has blatantly refused to respond to Plaintiffs' reasonable and targeted discovery requests despite the fact that it has no authority from this Court to do so in the form of an order staying discovery. Simply making a motion for protective order does not absolve Woodner of its obligation to respond to discovery. *See, e.g., Lightfoot v. Dist. of Columbia,* Civ. No. 01-1484 (D.D.C. May 1, 2005) (memorandum opinion and order

denying motion for clarification, granting motion to compel, and denying motion for protective order, specifically noting that "[a]fter Plaintiffs take Ms. Brown's deposition and are provided access to certain documents, this Court shall . . . decide the issue with a full, informed record." *Id.* at 2.) At the very least, Woodner must submit specific written objections to each request. Under Rule 33 of the Federal Rules of Civil Procedure, plaintiffs are required to answer each interrogatory "separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reason for objection and shall answer to the extent the interrogatory is not objectionable." Fed.R.Civ.P.33(b)(1). Similarly, under Rule 34, plaintiffs must "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." *See, e.g., Williams v. Johanns*, 235 F.R.D. 116 (D.D.C. 2006) (granting motion to compel where plaintiffs failed to comply with requirements of Rules 33 and 34).

## II. The Court Should Expedite Consideration of this Motion

In addition, Plaintiffs request expedited consideration of this motion to compel and by extension Woodner's Motion for Protective Order, in order to prevent Woodner's improper attempts at delay and to avoid having to return to the Court to request scheduling relief. The parties, with the Court's agreement, have a scheduling order in place that requires the completion of discovery by October 15, 2008, less than 60 days from now. Thus far, Woodner has answered no interrogatories and produced no documents. No depositions have been taken. Thus, unless the issues involved in this motion and Woodner's motion to compel are resolved quickly, it will be impossible to

complete discovery under the current schedule.  This case was filed on January 23, 2007.  Since there is no pending motion for summary judgment against Ms. Bourbeau, her claims are clearly entitled to be litigated immediately.

### III. Sanctions are Appropriate for Woodner's Actions in Refusing to Make Discovery and Ignoring the Requirements of the Local Rules.

Finally, Plaintiffs move for sanctions under Fed. R. Civ. P 37(d)(1)(A).  Woodner's late-filed Motion for Protective Order does not absolve it of its obligation to respond to reasonable discovery from Plaintiffs.  The motion is clearly tactical and designed to delay these proceedings rather than engage in a good faith effort to prepare the issues in the case for possible trial.  Woodner's motion offers only broad and conclusory statements to justify its dilatory actions – the discovery requests are for the Equal Rights Center's benefit only; they are overbroad as to time and geography, etc.  However, Woodner made no attempt, as is required by the local and federal rules, to negotiate these issues before filing its motion.  *See* Plaintiffs' Opposition to Defendant's Motion for Protective Order at 10.  Further, Sarah Bourbeau's claims were not implicated by Woodner's June 2 Motion for Summary Judgment.  As discussed in the accompanying brief in opposition to Woodner's Motion for Protective Order, the discovery requests seek information related to Woodner's practices and policies toward Housing Choice voucher holders – information that would corroborate Ms. Bourbeau's claims that Woodner discriminated against her.  Therefore, the requests are just as relevant to Ms. Bourbeau's case as they are to ERC's.  Woodner has made no attempt to respond to Ms. Bourbeau or to even respond to requests that are indisputably noncontroversial.  In cases such as this, where litigants so obviously flout the rules by blatantly refusing to comply with their discovery obligations, Rule 37 provides for sanctions.  *See, e.g., Williams,* 235

F.R.D at 125 (applying Rule 37(a)(4)'s requirement that "the court shall, after an opportunity to be heard, require the party. . .whos conduct necessitated the motion [to compel] or the attorney advising such conduct or both of them to pay the moving party reasonable expenses incurred in making the motion, including attorney's fees"); *DL v. District of Columbia,* 2008 WL 2555101 *10 (D.D.C. 2008) (awarding attorney's fees on motion to compel discovery, where court substantially had granted motion in its entirety, there had been pattern of tardy and piecemeal disclosure, and significant discovery had occurred after filing of motion); *Green v. Blazer Diamond Products, Inc.*, 1994 WL 715632 *8 (D.D.C. 1994) (ordering non-complying party to pay attorney's fees, costs, and other expenses incurred by the plaintiff in obtaining the discovery sought).

## Conclusion

For the forgoing reasons, this Court should compel Woodner to respond immediately and fully to Plaintiffs' discovery requests and impose sanctions on Woodner for its failure and refusal to respond.

Respectfully Submitted,


/s/ Thomas A. Reed
Thomas A. Reed (#435258)
Jenée Desmond-Harris (Bar No. Pending)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Tel: 202-661-3713/ Fax: 202-778-9100

Robert M. Bruskin (#164293)
Isabelle M. Thabault (#318931)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-319-1000/ Fax: 202-319-1010

*Counsel for Plaintiffs Sarah Bourbeau and Equal Rights Center*


Date: August 21, 2008

**CERTIFICATE OF SERVICE**

I certify that on the 21st day of August, 2008, a copy of the foregoing Motion to Compel Defendant to Respond to Interrogatories and Document Requests, For Sanctions, and for Expedited Consideration was filed via the electronic case filing system of the United States District Court for the District of Columbia and, accordingly, that the Court will send notice of this filing electronically to:

Roger D. Luchs, Esq.
Greenstein DeLorme & Luchs, P.C.
1620 L Street NW, Suite 900
Washington, D.C. 20036-5606
rdl@gdlaw.com

/s/ Thomas A. Reed_____
Thomas A. Reed

# EXHIBIT A

**E-mail from Counsel for Defendant Regarding Filing of Protective Order**

**From:** Roger D. Luchs [mailto:rdl@gdllaw.com]
**Sent:** Friday, August 08, 2008 11:57 AM
**To:** Reed, Thomas
**Cc:** William C. Casano; Richard W. Luchs
**Subject:** Seeking Consent, per Court rules

Tom - we expect to move for a protective order early next week, to postpone answering the discovery you forwarded until we have a ruling on the summary judgment motion which, if granted, would moot out quite a bit of it. Per the District court rules, we are seeking your clients' consent.

Roger D. Luchs
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W.
Suite 900
Washington, D.C.  20036
Phone:  202.452.1400
Fax:  202.452.1410
rdl@gdllaw.com

www.gdllaw.com

INTERNAL REVENUE SERVICE CIRCULAR 230 DISCLOSURE:  AS PROVIDED FOR IN TREASURY REGULATIONS, ADVICE (IF ANY) RELATING TO FEDERAL TAXES THAT IS CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSE OF (1) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (2) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY PLAN OR ARRANGEMENT ADDRESSED HEREIN.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND IS ONLY INTENDED FOR THE USE OF THE ADDRESSEE.  UNAUTHORIZED USE, DISCLOSURE, OR COPYING IS STRICTLY PROHIBITED, AND MAY BE  UNLAWFUL.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US AT administrator@gdllaw.com.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SARAH BOURBEAU )<br>)<br>EQUAL RIGHTS CENTER )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE JONATHAN WOODNER CO. )<br>)<br>Defendant. ) | Civil Action No: 1:07CV00164<br>Judge: Paul L. Friedman |

**[PROPOSED] ORDER**

Having read and considered Defendant's Motion for Protective Order and Plaintiffs' Cross Motion to Compel Defendant to Respond to Interrogatories and Document Requests, For Sanctions, and for Expedited Consideration and all responses and replies thereto, it is this _____ day of _____ 2008 hereby adjudged and

ORDERED that Defendant's Motion for Protective Order is DENIED; it is further

ORDERED that Plaintiffs' motion to compel is GRANTED, and that Defendant shall respond to Plaintiffs' Interrogatories and Document Requests on or before September 4, 2008; and it is further

ORDERED that Plaintiffs' motion for sanctions in the form of attorney's fees and costs for the filing of this motion is granted.

_____
Hon. Paul L. Friedman
United States District Judge