UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARAH BOURBEAU, et al.,

    Plaintiffs,

v.

THE JONATHAN WOODNER CO.,

    Defendant.

Case No. 1:07CV00164 (PLF)
Judge: Paul L. Friedman

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

    Plaintiffs describe Woodner's Motion for Protective Order as "baseless," a "transparent attempt to delay discovery" and "dilatory." What they fail to do, however, is address why ERC should be allowed to proceed with discovery, which has been combined with discovery purportedly served on Plaintiff Bourbeau's behalf as well, given that: (1) its own claims are based almost entirely on tests it performed when it had no legal right to do so; and (2) it has admitted, and continues to acknowledge to this day, that it had, and continues to have, no factual basis to support its claim that, after April, 2005, Woodner engaged in a "pattern and practice" of discrimination against Section 8 voucher holders.

    Try as it might to portray Woodner as shirking its duties under the Court's scheduling order and the Federal rules, it is, in fact, ERC, through its own actions, that has placed itself in its current position. ERC, without any regard whatsoever for its responsibilities under Fed. R. Civ. P. 11, failed to conduct "an inquiry reasonable under the circumstances" to establish that it had "evidentiary support" to charge Woodner with an ongoing "pattern and practice" of Section 8 voucher discrimination. Quite clearly, ERC chose to ignore its obligations under Rule 11, because from April, 2005 until January 23, 2007, when this suit was filed, ERC appears not to

have conducted any tests, or undertaken through any other means to identify a single fact to support its claim that Woodner engaged in discrimination against any Section 8 voucher holder during that approximately two (2) year period. ERC, as part of its operations, obviously engages in testing landlords to ascertain if they are in compliance with fair housing laws, both Federal and local. After its reinstatement on April 25, 2005, it could have easily conducted tests or used some kind of survey or inquiry method to ascertain if Woodner was then engaging in discrimination against Section 8 voucher holders. If it did attempt to ascertain if Woodner was engaging in discrimination then and found evidence of ongoing discrimination, it presumably would have brought that to the Court's attention in its Opposition to Woodner's Motion for Partial Summary Judgment ("ERC Opposition").

In light of ERC's litigation strategy, i.e., of maintaining itself as a party hereto as long as possible without having to produce any factual basis for its claims – presumably, to force Woodner into a settlement - its charges with respect to Woodner's purportedly unjustifiable delay in seeking a protective order, and Woodner's alleged failure to "meet and confer" to narrow down this discovery dispute, must be seen for what they are, i.e., pure sophistry, to shift the focus away from its filing of a completely bogus charge.

Woodner, however, has chosen to proceed in a different fashion. Woodner awaited its receipt of ERC's Opposition to its Motion for Partial Summary Judgment ("Opposition") to ascertain if ERC would submit any factual basis for its charge of an ongoing "pattern and practice" of discrimination. Of course, by July 11, when ERC filed its Opposition, it had not even served Woodner with discovery yet. That was not served on Woodner until July 15, 2008. Because ERC's Opposition was unaccompanied by affidavit or any other evidence to support its charge of ongoing discrimination, it argued that the Court could infer ongoing discrimination from ERC's and Bourbeau's charges of past discrimination, irrespective of the fact that those

2

4278\24\343835

charges have not yet been adjudicated and shown to be true. In addition, with its Opposition, ERC filed its Rule 56(f) motion, no doubt to delay a ruling on Woodner's Motion for Summary Judgment. Given the convoluted and obscure arguments in ERC's Opposition, and its utter failure to offer factual support for its claim, Woodner concluded it was appropriate to seek a protective order.[1]

As required under the Court's rules, undersigned counsel first sought the consent of ERC's counsel to its motion for protective order. The attached email exchange (Exhibit 1(a)) evidences that. It also shows that ERC's counsel made no objection on behalf of Ms. Bourbeau, nor did ERC suggest a conference with respect to the discovery. Of course, by combining into one set of interrogatories and request for documents both ERC's and Bourbeau's discovery requests, ERC must have hoped that Woodner would feel obliged to respond, because they were submitted on Bourbeau's behalf as well as its own behalf. But to the extent those requests were for ERC's benefit, as well as Bourbeau's, Woodner could not be expected to separate them and then try to respond to what might be deemed pertinent only to Bourbeau's claim.[2] In any event, this motion for protective order was timely filed, on August 11, 2008, which was one week before Woodner's responses would otherwise have been due.

On August 18, ERC's counsel left undersigned counsel a voicemail message regarding the status of the discovery responses, and ERC's intent to move to compel responses if they were not forthcoming. Undersigned counsel answered that voicemail the same day with the attached email (Exhibit 1(b)) which advises ERC's counsel of Woodner's willingness to discuss

---

[1]  For about a week following receipt of ERC's Opposition, undersigned counsel had to prepare and take a set of depositions in a proceeding in the Superior Court and therefore could not focus on ERC's Opposition and discovery requests until early August.

[2]  ERC complains that Woodner should have listed every single interrogatory and document request and explain its objection as to each one in its motion. This is nonsense. The requests identified in the motion were cited as illustrative examples only, to show that the discovery requests were far too broad for ERC's own case as well as Bourbeau's.

3

narrowing discovery requests as to Bourbeau, so that Woodner could then respond. ERC never responded to that email but, rather, three (3) days later, filed its Motion to Compel.

On the merits of Woodner's motion for a protective order, ERC knows full well that there is substantial case authority holding that when a motion to dismiss or for summary judgment is filed that, if granted, would dispense with the moving party's need to respond to its opponent's discovery, the Court may grant the moving party a protective order until the motion is ruled upon. Some of these cases are cited in Woodner's motion. Others include <u>International Graphics v. United States</u>, 3 Cl. Ct. 715 (U.S. Cl. Ct. 1983); <u>Catellus Development Corp. v. Unites States</u>, 26 Cl. Ct. 10 (U.S. Cl. Ct. 1992); <u>In Re: Sulfuric Acid Antitrust Litigation</u>, 231 F.R.D. 331 (N.D. Ill. 2005); <u>Nankivil v. Lockheed Martin Corp.</u>, 216 F.R.D. 689 (M.D. Fla. 2003), later ruling granting summary judgment, at 2003 U.S. Dist. Lexis 16712 (M.D. Fla. 2003), aff'd 87 Fed. Appx. 713 (11th cir. 2003), <u>cert. den</u>., 2004 U.S. Lexis 3513 (2004); <u>Von Drake v. National Broadcasting Co.</u>, 2004 U.S. Dist. Lexis 25090 (N.D. Tex. 2004).

In its Motion to Compel, ERC does not cite a single case to support its effort to compel responses at this time (although it does refer the Court to cases cited in its opposition to Woodner's motion for protective order, none of which is on point here). But in the cases Woodner cites above, the courts denied the opposing party's motion to compel, and proceeded to grant the protective order sought. In short, the relief Woodner seeks here, and that ERC so vehemently opposes as unwarranted, is a well-recognized mechanism for a party with a good faith basis for seeking prompt disposition of a claim to avoid the time and expense of responding to discovery while the dispositive motion is under consideration.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | GREENSTEIN DELORME & LUCHS, P.C. |
| Dated:  August 27, 2008 |  |
|  | _____/S/_____ <br> Richard W. Luchs, #243931 <br> Roger D. Luchs, #347605 <br> William C. Casano, #352492 <br> 1620 L Street, N.W., Suite 900 <br> Washington, DC 20036-5605 <br> Telephone: (202) 452-1400 |
|  | Counsel for Defendant The Jonathan Woodner Co. |

5

# EXHIBIT 1(A)

## Roger D. Luchs

**From:** Reed, Thomas [thomas.reed@klgates.com]
**Sent:** Friday, August 08, 2008 6:37 PM
**To:** Roger D. Luchs
**Cc:** William C. Casano; Richard W. Luchs
**Subject:** Re: Seeking Consent, per Court rules

Thank you for your email, Roger. We would oppose such a motion. Rgds.
Tom
_____

Thomas A. Reed


-----Original Message-----
From: Roger D. Luchs <rdl@gdllaw.com>
To: Reed, Thomas
CC: William C. Casano <WCC@gdllaw.com>; Richard W. Luchs <RWL@gdllaw.com>
Sent: Fri Aug 08 11:56:32 2008
Subject: Seeking Consent, per Court rules

Tom - we expect to move for a protective order early next week, to postpone answering the discovery you forwarded until we have a ruling on the summary judgment motion which, if granted, would moot out quite a bit of it. Per the District court rules, we are seeking your clients' consent.

Roger D. Luchs
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W.
Suite 900
Washington, D.C. 20036
Phone: 202.452.1400
Fax: 202.452.1410
rdl@gdllaw.com
www.gdllaw.com <file://www.gdllaw.com >

INTERNAL REVENUE SERVICE CIRCULAR 230 DISCLOSURE: AS PROVIDED FOR IN TREASURY REGULATIONS, ADVICE (IF ANY) RELATING TO FEDERAL TAXES THAT IS CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSE OF (1) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (2) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY PLAN OR ARRANGEMENT ADDRESSED HEREIN.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND IS ONLY INTENDED FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE, OR COPYING IS STRICTLY PROHIBITED, AND MAY BE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US AT administrator@gdllaw.com <mailto:administrator@gdllaw.com> .


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at thomas.reed@klgates.com.

# EXHIBIT 1(B)

## Roger D. Luchs

| | |
|---|---|
| From: | Roger D. Luchs |
| Sent: | Monday, August 18, 2008 2:30 PM |
| To: | 'Reed, Thomas' |
| Cc: | William C. Casano; Richard W. Luchs |
| Subject: | Your call re discovery |

Tom - I received your call. We will not be forwarding responses. As we noted in our motion, the discovery is much too broad, especially as to Ms. Bourbeau. If you wish to narrow the discovery requests to focus just on matters pertinent to her own claim, we will be happy to discuss that with you, to agree on questions, and document request that are reasonable. You'll see, however, we were very specific in our motion on why the discovery is too broad and stand by that position.

Roger D. Luchs
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W.
Suite 900
Washington, D.C.  20036
Phone:  202.452.1400
Fax:  202.452.1410
rdl@gdllaw.com
www.gdllaw.com

INTERNAL REVENUE SERVICE CIRCULAR 230 DISCLOSURE:  AS PROVIDED FOR IN TREASURY REGULATIONS, ADVICE (IF ANY) RELATING TO FEDERAL TAXES THAT IS CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSE OF (1) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (2) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY PLAN OR ARRANGEMENT ADDRESSED HEREIN.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND IS ONLY INTENDED FOR THE USE OF THE ADDRESSEE.  UNAUTHORIZED USE, DISCLOSURE, OR COPYING IS STRICTLY PROHIBITED, AND MAY BE  UNLAWFUL.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US AT administrator@gdllaw.com.

1(b)