UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARAH BOURBEAU, et al.,

    Plaintiffs,

v.

THE JONATHAN WOODNER CO.,

    Defendant.

Case No. 1:07CV00164 (PLF)
Judge: Paul L. Friedman

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS MOTION
TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES
AND DOCUMENT REQUESTS, ETC.**

    Plaintiffs (collectively "ERC"), as evidenced in their Cross Motion to Compel Defendant to Respond to its Discovery ("Motion to Compel"), seem to have lost site of the order of events in this litigation, as well as the timeline set out in the Court's scheduling order, thereby infusing their Motion to Compel with invective best directed elsewhere.

    The scheduling order agreed to by the parties, as revised and approved by the Court on June 20, 2008, sets the discovery deadline for October 15, 2008. It also provides that in the event either party moves for summary judgment, the opposing party has 30 days to file its opposition, after which the moving party has 30 days to reply. Thus, it may be anticipated the Court will rule on the motion well before the discovery deadline, so that if ERC is dismissed out there should be ample time to engage in discovery.

    Woodner filed its Motion for Partial Summary Judgment on June 2, 2008. With the prior consent of Woodner, ERC moved for an extension of time, to July 11, 2008, to file its opposition thereto ("ERC's Opposition"). However, without first seeking Woodner's consent, ERC filed its "Rule 56(f) Motion for Specific Discovery." Thus, ERC waited until July 11, 2008, i.e., six (6)

4278\24\343859

weeks after it received Woodner's Motion for Summary Judgment, and on the same date that it filed its Opposition, to file its Rule 56(f) motion. No doubt, it recognized that its Opposition did not create a genuine issue as to a material fact. It appears to have concluded it was necessary to seek to delay the Court's disposition of Woodner's Motion for Summary Judgment, by relying on a Rule 56(f) motion to try to acquire support for an allegation it had no factual basis to make when it filed its Complaint.

In fact, Woodner was served with ERC's interrogatories and request for documents on July 15, 2008, i.e., four days after it filed its Opposition. Despite this, ERC, in what can only be described as a pronounced fit of chutzpah, argues that Woodner "neglected to file a motion to stay proceedings" when it filed its Motion for Summary Judgment, on June 2, 2008, and, in waiting until ERC served it with discovery, waited too long to seek a protective order.

Woodner, of course, had no reason to seek a protective order or a stay of discovery until it actually received ERC's discovery. Once it had a chance to review that discovery carefully, in conjunction with ERC's Opposition and its Rule 56(f) motion, it became obvious that ERC had decided to go "fishing", in part to delay as long as possible the Court ruling on Woodner's Motion for Summary Judgment and, it must be assumed, to force Woodner to expend hours of time and substantial expense searching through its files and compiling volumes of information most of which has no bearing whatsoever on its claim. And, as is noted in Woodner's Reply to ERC's Opposition to its Motion for Protective Order, by submitting a single set of discovery requests for itself and Ms. Bourbeau, it is impossible to separate out questions that were intended solely to pertain to her claim and those intended for ERC's benefit, although it is clear that ERC intended them for more for its purposes then hers. In its Motion for Protective Order, Woodner set out for the purposes of example certain interrogatories submitted which are so clearly so broad, covering a five year period and seeking information on rents charged for all 1100 units in

the building, that there is no room for doubt that the information sought has no bearing whatsoever on Ms. Bourbeau's claim, and is, in fact, intended to "oppress" and place an "undue burden" on Woodner.

In that motion, and in Woodner's Reply to ERC's Opposition to Woodner's Motion for Protective Order, Woodner demonstrated that courts, frequently granted such motions, and simultaneously denied motions to compel, pending a ruling on the pending, potentially dispositive motion. The cases cited in Woodner's Reply include International Graphics v. United States, 3 Ct. Cl. 715 (U.S. Ct. Cl. 1983); Catellus Development Corp. v. Unites States, 26 Cl. Ct. 10 (U.S. Cl. Ct. 1992); In Re: Sulfuric Acid Antitrust Litigation, 231 F.R.D. 331 (N.D. Ill. 2005); Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689 (M.D. Fla. 2003), later ruling granting summary judgment, at 2003 U.S. Dist. Lexis 16712 (M.D. Fla. 2003), aff'd, 87 Fed. Appx. 713 (11th cir. 2003), cert. den., 2004 U.S. Lexis 3513 (2004); Drake v. National Broadcasting Co., 2004 U.S. Dist. Lexis 25090 (N.D. Tex. 2004).

ERC knows full well that, under Fed. R. Civ. P. 11, before it filed suit charging Woodner with an ongoing "pattern and practice" of discrimination, it was required to conduct a "reasonable inquiry" to establish some factual basis for that charge. Apparently, it seems to have concluded that Rule 11 does not apply to it, and, indeed, to this day, continues to press a claim for which it has never adduced, nor offered, a shred of evidence. It should not be permitted to use the fact that Ms. Bourbeau has an ongoing claim to submit discovery requests that, are in reality, intended to advance a claim it had no basis for filing in the first instance.

4278\24\343859

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | GREENSTEIN DELORME & LUCHS, P.C. |
| Dated:  August 27, 2008 |  |
|  | _____/S/_____<br>Richard W. Luchs, #243931<br>Roger D. Luchs, #347605<br>William C. Casano, #352492<br>1620 L Street, N.W., Suite 900<br>Washington, DC 20036-5605<br>Telephone: (202) 452-1400 |
|  | Counsel for Defendant The Jonathan Woodner Co. |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH BOURBEAU, et al., | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | : Case No. 1:07CV00164 (PLF)<br>: Judge: Paul L. Friedman |
| THE JONATHAN WOODNER CO., | :<br>: |
| Defendant. | :<br>:<br>: |

## **ORDER**

Upon consideration of Plaintiffs' Cross Motion To Compel Defendant To Respond To Interrogatories And Document Requests, For Sanctions, And for Expedited Consideration, of Defendant's Opposition thereto and of the entire file herein, it is by the Court this _____ day of _____, 2008;

ORDERED, that the Motion is denied.

_____
Judge Paul L. Friedman

4278\24\343991

COPIES TO:

Richard W. Luchs, Esq.
Roger D. Luchs, Esq.
Greenstein DeLorme& Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, DC  20036-5605

Thomas A. Reed, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC  20006

Robert M. Bruskin, Esq.
Isabelle M. Thabault, Esq.
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, DC  20036