## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SARAH BOURBEAU )<br><br>EQUAL RIGHTS CENTER )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE JONATHAN WOODNER CO. )<br><br>Defendant. ) | **Civil Action No: 1:07CV00164**<br>**Judge: Paul L. Friedman** |

### PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES AND DOCUMENT REQUESTS.

Plaintiffs Sarah Bourbeau and Equal Rights Center ("ERC") (collectively referred to as "plaintiffs") submit this brief reply to the Defendant's Opposition to Plaintiffs' Cross Motion to Compel, filed August 27, 2008 (hereinafter referred to as "Def. Opp.").

As amply explained in plaintiffs' previously filed Opposition to Defendant's Motion for a Protective Order and Cross Motion to Compel, defendant has improperly sought a motion to stay all discovery. As to plaintiff Bourbeau, the defendant's Motion was predicated on the bogus claim, repeated in its current Opposition Brief, that the discovery sought was so broad as to "leave no room for doubt that the information sought has no bearing whatsoever on Ms. Bourbeau's claim..." (Def. Opp.at 3.) In fact, the discovery sought was entirely proper and well within the discovery that Ms. Bourbeau is clearly entitled to pursue. See Plaintiffs Opposition to Defendant's Motion for a

Protective Order and Cross Motion to Compel, filed August 21, 2008 ("Pltf. Opp") at pp.

6-10. Nothing in defendant's Opposition changes that. Indeed, since filing its Opposition,

defendant has served far ranging discovery on Ms. Bourbeau. See Defendant's

Interrogatories to Plaintiff Sarah Bourbeau (First Set) and Defendant's Request for

Production of Documents to Plaintiff Sarah Bourbeau (First Set), attached hereto as

Exhibits A and B. Thus, while refusing to make *any* discovery, even that which

defendant has absolutely no objection to (see Pltf Opp at p. 9), defendant would have Ms.

Bourbeau provide full discovery. Such one sided and unfair tactics should not be

countenanced by this Court.

　　　　Finally, as to ERC, defendant charges that in filing its Complaint, counsel

violated Fed. R. Civ. Pro. 11. See Def. Opp. at 3. As all members of the Bar are required

to do, plaintiffs' counsel take any Rule 11 accusation, even one with no basis whatsoever,

seriously. Here, of course, defendant ignores the specific procedural requirements of

Rule 11 which are designed to prevent scurrilous accusations. Rather that present notice

and a proper motion, (see Rule 11 (c) and (d)), defendant chooses to smear plaintiffs'

counsel with unsupported accusations. As defendant well knows, plaintiffs' Complaint

alleges a continuing pattern and practice of discrimination, based on Ms. Bourbeau's

actual experience at the Woodner and a series of tests conducted by ERC over a period of

several years ending in early April 2005. See Complaint paragraphs 17 through 22.

Because a number of these instances occurred well within the appropriate statute of

limitations there was no need to allege specific acts of discrimination after April 2005 in

the Complaint and plaintiffs made none. Thus, it is simply improper for defendant to

contend that there was no basis for the "pattern and practice" allegation. Whether

plaintiff is entitled to an inference that the pattern and practice alleged in the Complaint continued beyond April, 2005 is of course an issue that arose after the Complaint was filed and only because of this Court's ruling on Defendant's Motion to Dismiss, which dismissed ERC's claims prior to April 25, 2005. Defendant's unfounded Rule 11 accusation has no place in this dispute and should be taken as a sign of the desperation with which defendant seeks to avoid making the discovery that plaintiffs believe will present compelling evidence that the acts of discrimination did not somehow magically end by April 25, 2005.

Respectfully Submitted,


/s/ Robert M. Bruskin
Robert M. Bruskin (#164293)
Isabelle M. Thabault (#318931)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-319-1000/ Fax: 202-319-1010

Thomas A. Reed (#435258)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Tel: 202-661-3713/ Fax: 202-778-9100


*Counsel for Plaintiffs Sarah Bourbeau and
Equal Rights Center*


Date: September 4, 2008

## CERTIFICATE OF SERVICE

I certify that on the 4th day of September, 2008, a copy of the foregoing Reply to Defendant's Opposition to Plaintiffs' Cross Motion to Compel Defendant to Respond to Interrogatories and Document Requests was filed via the electronic case filing system of the United States District Court for the District of Columbia and, accordingly, that the Court will send notice of this filing electronically to:

Roger D. Luchs, Esq.
Greenstein DeLorme & Luchs, P.C.
1620 L Street NW, Suite 900
Washington, D.C. 20036-5606
rdl@gdlaw.com


/s/  Robert M. Bruskin
Robert M. Bruskin

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SARAH BOURBEAU, et al.,                    :

         Plaintiffs,                            :

                           :       Case No. 1:07CV00164 (PLF)
         v.                                         Judge: Paul L. Friedman
                           :

THE JONATHAN WOODNER CO.,                   :

         Defendant.                             :

                           :

**DEFENDANT'S INTERROGATORIES TO**
**PLAINTIFF SARAH BOURBEAU (FIRST SET)**

TO:      Sarah Bourbeau
           c/o Thomas A. Reed, Esq.
           Kirpatrick & Lockhart Preston Gates Ellis LLP
           1601 K Street, N.W.
           Washington, D.C.  20006

       PLEASE TAKE NOTICE that the following Interrogatories are directed to you

pursuant to Rule 33 of the Federal Rules of Civil Procedure.  These Interrogatories are

continuing in nature so as to require you to file supplemental responses if you obtain further

and/or different information prior to and including the date of trial.  These Interrogatories are

to be answered fully, in writing, under oath, and served upon the attorneys for Defendant at

Greenstein DeLorme & Luchs, P.C., 1620 L Street, N.W., Suite 900, Washington, D.C.

20036, within thirty (30) days of service hereof, in accordance with the following:

**DEFINITIONS AND INSTRUCTIONS**

       A.      Where the name or identity of a person is requested, please state the full name,

home and business addresses, and home and business telephone numbers of such person.  If

LAW OFFICES
GREENSTEIN DeLORME & LUCHS, P.C.
1620 L STREET, N.W.
SUITE 900
WASHINGTON D.C. 20036-5605
AREA CODE 202-452-1400

4278\24\343888

the name requested is that of a corporation, please state the full name of the corporation, where it is incorporated, and its principal place of business.

B.    Where knowledge or information in possession of a party is requested, such request includes the knowledge of the party's agents, employees, representatives, family, partners (limited and general), joint venturers, officers, directors, members, and unless privileged, the party's attorneys.

C.    The pronouns "you" and "your" refer to the party to whom these Interrogatories are addressed and to the persons mentioned in paragraph "B" above.

D.    The terms "identify", "identity" and "identification", when referring to a natural person, mean to provide an identification sufficient to serve such person with process to require his or her attendance at this Court, and shall include without limitation his or her full name, present or last known address, present or last known business affiliation, title or occupation, and each of his or her positions during the applicable period of time covered by any answer referring to such person.  If the name requested is that of a corporation, please state the full name of the corporation, where it is incorporated, and its principal place of business.  When used in reference to a writing or document, the referenced terms (include without limitation any business records) mean to give a sufficient characterization of such writing or document as to properly identify it in a subpoena issued pursuant to the Civil Rules of the Superior Court of the District of Columbia, and shall include, without limitation, the following information with respect to each document:

(1)    the date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

(2)    the identity or descriptive code, file number, bates number, title or label of such document;

(3)    the general nature and description of such document, and if it was unsigned, the answer shall so state and shall identify the person or persons who prepared it;

(4)    the name of the person to whom each such document was addressed and the name of each person other than such addressee to whom such document or copies thereof were given or sent;

(5)    the name and address of the person having present possession, custody or control of such document; and

(6)    whether or not any draft, copy or reproduction of such document contains any postscripts, notations, change or addendum not apparent on the document itself, and if so, the answer shall give the description of each draft, copy or reproduction.

E.    The term "person" as used herein means, in plural as well as singular, any natural person, firm, association, board, agency, department, partnership, corporation, limited liability company, professional corporation, professional corporation, professional limited liability corporation or other form of legal entity, unless the context indicates otherwise.

F.    The terms "writing" and/or "document" as used herein means all records, papers, books, transcriptions, pictures, drawings, or diagrams of any nature, whether transcribed by hand or recorded, produced or preserved by some mechanical, electronic or photographic device or by other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or

4278\24\343888

control or not, relating or pertaining in any way to the subject matter(s) in connection with which it is used and includes originals, file copies, or other copies no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books, records, lists, receipts, contracts, agreements, letters, expense accounts, cancelled checks, ledgers, spreadsheets, insurance policies, catalogs, price lists, sound and tape recordings, memoranda (including written memoranda of telephone conversations and other conversations, discussions, interviews, meetings, agreements, acts and/or activities), speeches, audits, minutes, plans, diaries, invoices, calendars, desk pads, scrapbooks, notebooks, tear sheets, copies of advertisements, communications, leases, subleases, lease amendments, agreements of sale, bills of sale, appraisals, correspondence, bulletins, infraction notices, complaints, circulars, forms, opinions or reports of consultants, pamphlets, notices, statements, journals, statements of account, budgets, analyses, summaries, brochures or reports of investigations or negotiations, postcards, inventories, broker mailers, telegrams, telex or facsimile messages, reports, intra office or inter office communications, test results or findings, filings with any agency, department or Court located in the District of Columbia, photographs, photostats, microfilm, maps, deposition transcripts, affidavits, computer files, electronic mail, voicemail, information posted on the internet, press releases and all other writings whether prepared by you for your own use or for transmittal or receipt by you.

    G.    The term "the facts upon which you rely" in support of any allegation or legal theory, contention, denial, etc. refers to a full and complete statement of all evidence within your knowledge upon which you rely to support the allegations. In addition thereto, identify, in accordance with Paragraph "D" above, those individuals with knowledge of these facts and

all  documents reflecting these facts or relied upon by you, and if the facts relied upon are

related to an oral communication, then provide a statement of (i) the name, address, and

business position of each and every person who participated in such communication, whether

a speaker, hearer or overhearer; (ii) the date, time and place of such oral communication; and

(iii) the subject matter of such oral communication with sufficient particularity to reveal and

make understandable each and every subject matter referred to and the subject of each such

oral communication.  The failure of any Interrogatory which requests "the facts upon which

you rely" to request the identity of individuals or documents, or to state the substance of any

oral communication upon which you rely, should not be construed as a waiver of the

requirements set forth in this paragraph.

       H.      When appropriate in the context of an Interrogatory or a response thereto, the

singular shall mean the plural, and the masculine gender shall mean the feminine, and vice

versa.

       I.       The terms "and" and "or" shall be interpreted conjunctively or disjunctively so

as to require, in each context, the most complete and inclusive response.

       J.      If you object to, or otherwise decline to answer, any portion of an

Interrogatory, provide all information requested in that portion of the Interrogatory to which

you do not object or to which you do not decline to answer.  If you object to an  Interrogatory

on the ground that it is too broad (i.e., that it calls both for information which is relevant to the

subject matter of the action and information which is not), provide such information which is

concededly relevant.

5

K.      If an Interrogatory asks for information which could have at some time been answered by consulting documents which are no longer in existence, then in answer to such Interrogatory:

a)      Identify what information was maintained;

b)      Identify all the type(s) of documents which contained such information;

c)      State the time period during which such documents were maintained;

d)      State the circumstances under which such documents ceased to exist;

e)      State the date when such documents ceased to exist;

f)      Identify all persons having knowledge of the circumstances under which such documents ceased to exist; and

g)      Identify all persons who have knowledge or had knowledge of the documents and the contents thereof.

L.      The term "Woodner" means the apartment building at 3636 16th Street, N.W., Washington, D.C.

## INTERROGATORIES

Interrogatory No. 1:  Where do you currently reside and how long have you lived there?  If you were residing in your current residence in April, 2005, provide the following information:

(a)      The current rent for your current residence and the rent charged on April 1, 2005;

(b)      Whether you were receiving Section 8 voucher assistance for said residence in April, 2005 and whether you are receiving Section 8 voucher assistance now;

(c)      How much of your rent for April, 2005 was paid for with your Section 8 voucher, and how much of your rent is being paid through a Section 8

voucher now?

Interrogatory No. 2: Where are you currently employed and how long have you been employed there? If you were not employed in the same job in April, 2005, where were you employed at that time?

Interrogatory No. 3: Have you ever received rental assistance through the Section 8 housing choice voucher program and, if the answer is yes, set forth the dates you received such assistance and where you leased a residence, (or residences) and used a Section 8 voucher to pay all or a portion of your rent?

Interrogatory No. 4: Describe your educational background, from high school through the present, and include in your answer a listing of any courses you attended or training you received, in fair housing or other anti-discrimination laws.

Interrogatory No. 5: In or prior to April, 2005, had you applied for and/or received a Section 8 housing choice voucher from the District of Columbia Housing Authority? If the answer is yes, did you inquire at any apartment buildings other then the Woodner, or through any management companies, regarding any buildings where apartments might be available to lease and that would accept Section 8 vouchers in payment of rent? Please identify any such buildings or management companies.

Interrogatory No. 6: On what date or dates did you communicate with anyone at the Woodner, or to any agent or employee thereof regarding leasing an apartment there? With respect to each such date; provide the following information:

(a)     Who did you speak with? If you do not know the name of the person you spoken with, identify the age and sex of each person you communicated

7

4278\24\343888

with, the date of such communication and the time of day of any such communication.

(b)     What specific inquiry or inquiries did  you make of the person or persons you spoke with on each date identified above and what responses were you provided by that person?

(c)     Did you ever visit the Woodner to view any apartments therein?  If the answer is yes, state the date or dates of any visit, which apartments you viewed, and whether you were accompanied by any friends, family members or other persons?

(d)     Did you ever submit an application to lease an apartment at the Woodner and, if yes, to whom and where was it submitted?

(e)     Did you ever present to the Woodner any documents confirming that you were a Section 8 voucher holder, or had made application for such a voucher?

Interrogatory No. 7:  Did you ever undertake to establish the rent charged for apartments at the Woodner in April, 2005 and, if so, did you ascertain if the rental rates for the size apartment you wished to lease were within the Section 8 housing choice voucher acceptable limits at the time?

Interrogatory No. 8:  Did you communicate with, or discuss any inquiry you made to the Woodner about whether it accepted Section 8 vouchers, with anyone at any time after the alleged discrimination you claim to have experienced and, if so, please identify each such person, and when you discussed such inquiry with each such person.

Interrogatory No. 9: When did you first communicate with the Equal Rights Center ("ERC") regarding the alleged discrimination which you claim you experienced when you inquired regarding renting an apartment at the Woodner and identify any person at ERC you discussed the matter with. As to each person so identified, state:

    (a)    When you discussed this matter with that person;

    (b)    What, if anything, said person or persons advised you or informed you, with respect to your rights under the D.C. Human Rights law; and

    (c)    What actions, if any, the person or persons advised you to take with respect to the alleged discrimination.

Interrogatory No. 10: Have you ever served as a tester for any person or organization which tests to ascertain whether the subject of the testing is acting in compliance with any law barring discrimination against any protected classes of persons covered by such law?

Interrogatory No. 11: Have you ever been deposed, or served as a witness in a lawsuit or other proceeding in which unlawful discrimination was alleged? If the answer is yes,, identify by caption and forum each such lawsuit or proceeding.

Interrogatory No. 12: Do you and ERC have an agreement regarding the disposition of any monies received by either of you, or awarded to either of you, in the event of a settlement of this matter, or the receipt of funds received pursuant to a judgment?

Interrogatory No. 13: Have you ever made any inquiry of the D.C. Human Rights Office or the D.C. Housing Authority regarding the alleged discrimination against you by the Woodner? If the answer is yes, provide:

4278\24\343888

(a)    The date of any such communication; and

(b)    The name of any person you communicated with.

Interrogatory No. 14:  Have you ever filed an unlawful discrimination claim at any time, in any administrative agency or body or court and, if the answer is yes, identify:

(a)    the caption of claim or the suit and date of filing;

(b)    the location of filing;

(c)    the subject matter of the claim;

(d)    the ultimate resolution of the claim or suit; and

(e)    whether, with respect to any of the aforementioned claims, the ERC or any other organization assisted you in pursuing your claim or was also a party to the proceeding(s) identified?

Interrogatory No. 15:  Identify each item of damage you are claiming in this lawsuit, and the amount of any other sums you are seeking, including costs and attorney fees.

Interrogatory No. 16:  If you have knowledge or information to support the allegation in the Complaint that the defendant has engaged in a pattern and practice of discrimination against Section 8 housing choice voucher holders, specify the knowledge or information you have?

4278\24\343888

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated:  August 28, 2008

Richard W. Luchs, #243931
Roger D. Luchs, #347605
William C. Casano, #352492
1620 L Street, N.W., Suite 900
Washington, DC 20036-5605
Telephone: (202) 452-1400

Counsel for Defendant The Jonathan
Woodner Co.

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant's Interrogatories To Plaintiff Sarah Bourbeau was served by hand-delivery ~~and electronically~~ *on August 29, 2008*, this 28th day of August, 2008, upon:

> Thomas A. Reed, Esq.
> Kirpatrick & Lockhart Preston Gates Ellis LLP
> 1601 K Street, N.W.
> Washington, D.C.  20006

_____
Roger D. Luchs

12

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SARAH BOURBEAU, et al.,

        Plaintiffs,

        v.

THE JONATHAN WOODNER CO.,

        Defendant.

Case No. 1:07CV00164 (PLF)
Judge: Paul L. Friedman

## DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS
## TO PLAINTIFF SARAH BOURBEAU (FIRST SET)

TO:    Sarah Bourbeau
        c/o Thomas A. Reed, Esq.
        Kirpatrick & Lockhart Preston Gates Ellis LLP
        1601 K Street, N.W.
        Washington, D.C.  20006

Defendant, The Jonathan Woodner Co., ("the Woodner"), by counsel, hereby request, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that, within thirty (30) days of service hereof, plus three days if you were served by mail, you produce at the offices of counsel for Defendant, Greenstein DeLorme & Luchs, P.C., 1620 L Street, N.W., Suite 900, Washington, D.C. 20036-5605, the following specific documents in accordance with the following Definitions and Instructions.

You may submit copies of the documents; however, Defendant reserves the right to review the original of any copies submitted.

### Definitions And Instructions

Where production of documents in possession of a party is requested, such request includes such documents as are in the possession of the party's agents, employees,

GREENSTEIN DELORME & LUCHS, P.C.

1620 L STREET, N.W.
SUITE 900
WASHINGTON, D.C. 20036-5605

AREA CODE 202-452-1400

representatives, family, partners (limited and general), joint venturers, officers, directors, members, and unless privileged, the party's attorneys.

The pronouns "you", "your" and "yours" refer to the party to whom these Requests are directed and to all persons referred to in paragraph 1 hereof.

Unless otherwise indicated, these Requests are directed to the circumstances and events surrounding and/or described in the pleadings.

"Documents" and/or "records" mean, without limitation, the following items, all records, papers, books, transcriptions, pictures, drawings or diagrams of any nature, whether transcribed by hand or recorded, produced or preserved by some mechanical, electronic or photographic device or by other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or control or not, relating or pertaining in any way to the subject matter(s) in connection with which it is used and includes originals, file copies, or other copies no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books, records, lists, receipts, contracts, agreements, letters, expense accounts, cancelled checks, ledgers, spreadsheets, insurance policies, catalogs, price lists, sound and tape recordings, memoranda (including written memoranda of telephone conversations and other conversations, discussions, interviews, meetings, agreements, acts and/or activities), speeches, audits, minutes, plans, diaries, invoices, calendars, desk pads, scrapbooks, notebooks, tear sheets, copies of advertisements, communications, leases, subleases, lease amendments, agreements of sale, bills of sale, appraisals, correspondence, bulletins, infraction notices, complaints, circulars, forms, opinions or reports of consultants, pamphlets, notices, statements, journals, statements

2

of account, budgets, analyses, summaries, brochures or reports of investigations or

negotiations, postcards, inventories, broker mailers, telegrams, telex or facsimile messages,

reports, intra-office or inter-office communications, test results or findings, filings with any

agency, department or Court located in the District of Columbia, photographs, photostats,

video images, microfilm, maps, deposition transcripts, affidavits, computer files, electronic

mail, voicemail, information posted on the internet, press releases and all other writings

whether prepared by you for your own use or for transmittal or receipt by you.

If a requested document is no longer in your possession, custody or control, your

response should state when the document was most recently in your possession, custody or

control, the disposition made of the document, and the identity of the person presently in

possession, custody, or control of such document.  If the document has been destroyed, state

the reason for its destruction and the identity of the person who destroyed the document and

the person who directed that the documents be destroyed.

"Person", as used herein, in plural as well as singular, includes any natural person,

firm, corporation, limited liability company, association, partnership, board, agency,

department, professional corporation, professional limited liability company, and, without

limitation, any other form of legal entity, unless the context indicates otherwise.

"Communications" means any form, whatsoever, of correspondence, discussion,

instruction, report and/or written, electronic or oral exchange between two or more persons

(as such item is defined herein).

"Complaint" refers to the Complaint filed by you in the instant case.

When appropriate in the context of a Request for Response thereto, the singular shall

mean the plural, and the masculine gender shall mean the feminine, and vise versa.

3

4278\24\344087

The terms "and" and "or" shall be interpreted conjunctively or disjunctively so as to require, in each context, the most complete and inclusive response.

The term "Interrogatories" refers to Defendant's Interrogatories to Plaintiff Sarah Bourbeau (First Set).

"The Property" means 3636 16th Street, N.W., Washington, D.C.

### Requests For Production Of Documents

**Request No. 1:**      Documents reviewed or relied upon by you to prepare your answers to Defendant's Interrogatories to Plaintiff Sarah Bourbeau (First Set).

**Request No. 2:**      Communications with the D.C. Human Rights Office or the D.C. Housing Authority pertaining to the Section 8 housing choice voucher program, including any application and related documents you submitted to obtain Section 8 housing choice voucher assistance.

**Request No. 3:**      Communications with, or documents evidencing, any agreement between you and any other person or entity pertaining to your receiving benefits under, or attempt to receive benefits, under the Section 8 housing choice voucher program.

**Request No. 4:**      Documents discussing, or making reference to the Section 8 voucher program that you obtained at any time in the course of informing yourself about the program, preparing to apply for assistance, or investigating your rights in the event of discrimination against you as a Section 8 voucher program.

**Request No. 5:**      Documents pertaining to any claim or suit you have made in which you alleged discrimination against you on any ground, including Section 8 voucher discrimination.  Including, copies of any settlement agreements entered into to resolve any such suit or claims.

4

**Request No. 6:** Agreements, draft or propose agreements or communications between you, the Equal Rights Center ("ERC"), and your counsel in this matter regarding the disposition of any sums you receive in the event of settlement or your receipt of a judgment in this matter.

**Request No. 7:** Agreements or communications with ERC or counsel representing you in this suit regarding your, and/or their obligation for costs incurred in this matter and your obligation to pay your counsel for attorneys fees in this matter.

**Request No. 8:** Documents evidencing any communications you or anyone on your behalf had with the Woodner or any agent or employee thereof regarding leasing an apartment there.

**Request No. 9:** A copy of any housing choice voucher you qualified for and received at any time from the D.C. Housing Authority, and any modification or revocation of any voucher received.

**Request No. 10:** A copy of any lease you have entered into and related documents, such as a lease addendum or other form promulgated under the Section 8 voucher program, for a residence for which some or all of the rent was paid for with a Section 8 housing choice voucher.

**Request No. 11:** A copy of any Federal or State or District of Columbia income tax returns you filed for calendar years 2004 and 2005.

**Request No. 12:** Documents evidencing efforts you made, if any, to lease an apartment at some property other then the Woodner, in or after April, 2005.

**Request No. 13:** Documents with information pertinent to damages you claim to have suffered by virtue of Defendant's alleged discrimination.

4278\24\344087

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated:  August 28, 2008

_____
Richard W. Luchs, #243931
Roger D. Luchs, #347605
William C. Casano, #352492
1620 L Street, N.W., Suite 900
Washington, DC 20036-5605
Telephone: (202) 452-1400

Counsel for Defendant The Jonathan
Woodner Co.

6

4278\24\344087

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Defendant's Request for

Production of Documents To Plaintiff Sarah Bourbeau (First Set) was served by hand-

delivery and electronically, this 28th day of August, 2008, upon:

       Thomas A. Reed, Esq.
       Kirpatrick & Lockhart Preston Gates Ellis LLP
       1601 K Street, N.W.
       Washington, D.C.  20006

Roger D. Luchs

7

4278\24\344087