UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SARAH BOURBEAU, *et al.*,           )
                                    )
      Plaintiffs,                  )
                                    )
  v.                                )   Civil Action No. 07-0164 (PLF)
                                    )
THE JONATHAN WOODNER CO.,           )
                                    )
      Defendant.                   )
_____ )

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on defendant's motion for summary judgment with respect to the remaining claims of plaintiff Equal Rights Center, plaintiff Equal Rights Center's motion for limited discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, defendant's motion for a protective order, and a motion to compel submitted by both plaintiffs.[1]

---

[1] The papers submitted in connection with these motions include: Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment Against Plaintiff the Equal Rights Center ("MSJ"); Plaintiff Equal Rights Center's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment; Defendant's Reply to Plaintiff Equal Rights Center's Opposition to Motion for Summary Judgment; Plaintiff Equal Rights Center's Rule 56(f) Motion for Specific Discovery ("Rule 56(f) Mot."); Defendant's Opposition to Plaintiff Equal Rights Center's Rule 56(f) Motion for Specific Discovery ("Rule 56(f) Mot. Opp."); Equal Rights Center's Reply to Defendant's Opposition to Plaintiff's Rule 56(f) Motion for Specific Discovery ("Rule 56(f) Mot. Reply"); Memorandum of Points and Authorities in Support of Defendant's Motion for Protective Order Pursuant to FED. R. CIV. P. 26(c) ("Protective Mot."); Plaintiffs' Opposition to Defendant's Motion for Protective Order; Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion for Protective Order; Plaintiffs' Cross-Motion to Compel Defendant to Respond to Interrogatories and Document Requests, for Sanctions, and for Expedited Consideration ("Mot. Compel"); Defendant's Opposition to Plaintiffs' Cross Motion to Compel Defendant to Respond to Interrogatories and Document Requests, Etc.; and Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Cross-Motion to Compel Defendant to Respond to Interrogatories and Document Requests.

I.  BACKGROUND

Plaintiffs Sarah Bourbeau and Equal Rights Center ("ERC") bring suit against property management company The Jonathan Woodner Company ("Woodner"), alleging that Woodner discriminated and continues to discriminate against prospective tenants on the basis of source of income in violation of the District of Columbia Human Rights Act ("DCHRA"). See MSJ at 2.  ERC also alleges that Woodner is liable for negligent supervision because Woodner "knew or should have known that its employees and/or agents were behaving in an illegal manner by refusing to consider any voucher-holder applicants" and failed to prevent its employees and/or agents from doing so.  Compl. ¶¶ 39-40.

On April 17, 2008, the Court granted in part and denied in part Woodner's motion to dismiss.  In sum, the Court concluded that Ms. Bourbeau's claims survived Woodner's legal challenges.  The Court also concluded that ERC's claims that Woodner engaged in discriminatory conduct *before* April 25, 2005 (when ERC's corporate charter was revoked) did not survive, but ERC's claims that Woodner engaged in discriminatory conduct *after* April 25, 2005 (when ERC's corporate charter was reinstated) did survive.  See Bourbeau v. Jonathan Woodner Co., 549 F. Supp. 2d 78 (D.D.C. 2008).

On June 2, 2008, before any discovery had taken place, Woodner filed a motion for summary judgment with respect to ERC's remaining claims.  (Woodner's motion does not address Ms. Bourbeau's claims.)  The gist of Woodner's motion is that Woodner is entitled to summary judgment against ERC because (1) the Court dismissed all of ERC's claims that Woodner engaged in discriminatory conduct before April 25, 2005, and (2) ERC has no evidence

that Woodner committed discrete discriminatory acts after April 25, 2005. See MSJ at 3-4. ERC opposed Woodner's motion for summary judgment on July 11, 2008.

That same day, ERC filed a motion for limited discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.[2] In that motion, ERC argues that Woodner's motion for summary judgment is premature because no discovery has taken place, and "ERC is entitled to discovery to confirm that Woodner's discriminatory conduct did in fact continue after April 25, 2005." Rule 56(f) Mot. at 2. In particular, Woodner seeks discovery "on the following topics: the specifics of Woodner's practice relevant to voucher holders, and whether and to what extent Woodner had an express or implied policy of declining voucher-holders or limiting their acceptance by self-imposed quotas." Id. at 3; see also id., Ex. A, Rule 56(f) Affidavit of Thomas A. Reed. ERC proposes to discover such facts by requesting relevant documents and "depos[ing] current and former Woodner employees to discover specific facts regarding Woodner's policies and practices." Rule 56(f) Mot. at 3.

On July 15, 2008, ERC and Ms. Bourbeau served Woodner with a joint set of interrogatories and a joint request for production of documents. See Protective Mot. at 1. On August 11, 2008, Woodner filed a motion for a protective order. That motion asks the Court to

---

[2] Rule 56(f) provides that if a party opposing a motion for summary judgment

> shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f).

stay all discovery as to both plaintiffs pending resolution of Woodner's motion for summary judgment, on the ground that

> [i]f Woodner's [motion for summary judgment] is granted, ERC would have no claims remaining herein, thus leaving Bourbeau as the sole plaintiff.  That would effectively moot out many, if not most, of the interrogatories and requests for documents submitted by Woodner and Bourbeau jointly, because they are almost entirely for ERC's benefit[.]

Id. at 2.  (Woodner also objects to the scope and relevance of certain interrogatories and requests for documents in its motion for a protective order.)  Plaintiffs opposed Woodner's motion for a protective order and filed a cross-motion to compel Woodner to respond to the July 15, 2008 discovery requests.  Plaintiffs' motion to compel includes a request for sanctions under Rule 37 of the Federal Rules of Civil Procedure on the ground that Woodner's motion for a protective order "is clearly tactical and designed to delay these proceedings rather than engage in a good faith effort to prepare the issues in the case for possible trial."  Mot. Compel at 4.

## II.  DISCUSSION

### A.  Defendant's Motion for Summary Judgment and ERC's Rule 56(f) Motion

The primary question before the Court is whether ERC has demonstrated that it is entitled to limited discovery for the purpose of opposing Woodner's pending motion for summary judgment – or whether, as Woodner argues, ERC's Rule 56(f) motion is an impermissible and unjustifiable fishing expedition.  Woodner argues that ERC should not be permitted to develop additional facts by way of limited discovery because ERC "has not even a shred of evidence of wrongdoing by Woodner at any time after ERC's charter was reinstated." Rule 56(f) Mot. Opp. at 7.  ERC responds that it does have a factual basis for its claim that

Woodner engaged in a pattern or practice of discrimination after April 25, 2005: specifically, "Woodner's long pattern of discriminatory conduct leading right up to the eve of ERC's reinstatement [as] evidenced by the results obtained by ERC's extensive testing program and the fact that Sarah Bourbeau was also turned away by Woodner because she indicated that she was a voucher holder." Rule 56(f) Mot. Reply at 4. Thus, argues ERC, the limited discovery it proposes "seeks appropriately to confirm the continued existence of [Woodner's allegedly discriminatory] policy" so that ERC may oppose Woodner's motion for summary judgment. Id.; see also Rule 56(f) Mot. at 4 (arguing that limited discovery "will, contrary to Woodner's assertions, provide specific evidence of a discriminatory policy and a pattern of discriminatory conduct during the reinstatement period").

The Court concludes that ERC is entitled to limited discovery for several reasons. First, pre-discovery summary judgment motions are usually premature and hence disfavored. See, e.g., Americable Int'l Inc. v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997); Tabb v. District of Columbia, 477 F. Supp. 2d 185, 188 n.1 (D.D.C. 2008); Iacangelo v. Georgetown Univ., Civil Action No. 05-2086, 2007 WL 915224, at *3 (D.D.C. Mar. 26, 2007). Second, in discrimination cases "summary judgment must be approached with special caution." Gray v. Universal Service Admin. Co., 581 F. Supp. 2d 47, 57 (D.D.C. 2007) (internal quotation marks and citations omitted) (denying pre-discovery motion for summary judgment). Third, and most importantly, the Court disagrees with Woodner that ERC has made merely "[v]ague or conclusory allegations that discovery would develop a material issue of fact." Rule 56(f) Mot. Opp. at 5. ERC's claim that Woodner maintained a discriminatory policy after April 25, 2005 is neither vague nor conclusory; it is based on (1) specific factual allegations involving ERC's

testers and Ms. Bourbeau, and (2) the common-sense proposition that if there was an established policy of discrimination in place at the Woodner as late as April 8, 2005 (when Ms. Bourbeau was turned away) it likely remained in place on or after April 25, 2005 (when ERC's charter was reinstated).  See Carpenter v. Federal Nat'l Mortgage Assoc., 174 F.3d 231, 237 (D.C. Cir. 1999) (party seeking Rule 56(f) discovery must offer a "reasonable" basis for believing that discovery would reveal triable issues of fact); Farris v. Rice, Civil Action No. 05-1975, 2007 WL 1697083, at *4 (D.D.C. June 12, 2007) (granting Rule 56(f) discovery because "plaintiff . . . points to evidence which loosely suggests discrimination and . . . suffices for the relaxed requirements, at this early stage of the litigation, to suggest that discovery would reveal triable issues of fact").  The Court therefore will (1) deny without prejudice Woodner's motion for summary judgment, and (2) grant ERC's Rule 56(f) motion.

### B.  *Defendant's Motion for a Protective Order and Plaintiffs' Motion to Compel*

As noted above, Woodner's motion for a protective order seeks a stay of all discovery as to both plaintiffs.  The Court must deny that motion because it has concluded that both plaintiffs are entitled to a reasonable amount of discovery before the Court entertains motions for summary judgment.  And because the Court must deny Woodner's motion for a protective order, it will deny plaintiffs' motion to compel discovery as moot.  The Court will also deny plaintiffs' request for sanctions because it sees no reason to conclude, as plaintiffs claim, that Woodner's motion for a protective order was merely "tactical."

*C. Scope of Discovery*

Because it is clear that disputes about the proper scope of discovery are likely to arise in the future, the Court offers the following guidance to the parties. First, all seem to agree that Ms. Bourbeau is entitled to full discovery now that the Court has denied Woodner's motion for a protective order, and that Ms. Bourbeau is limited in her discovery requests only by the relevant rules of civil procedure.

Second, as explained in this Memorandum Opinion and Order, the Court will permit ERC to engage in limited discovery for the purpose of opposing Woodner's motion for summary judgment. The scope of that limited discovery is described in the affidavit attached to ERC's Rule 56(f) motion. See generally Rule 56(f) Mot., Ex. A, Rule 56(f) Affidavit of Thomas A. Reed. Lest there be any confusion on this point however, it is the Court's view that the ERC's Rule 56(f) affidavit – consistent with the Court's prior rulings in this case – contemplates discovery designed to elicit information only about Woodner's policies and practices *on or after* April 25, 2005. See id. ¶ 7 (noting that ERC intends to seek "information related to Woodner's acceptance or denial of potential tenants *after April 25, 2005*") (emphasis added).

Third and finally, while this Memorandum Opinion and Order denies Woodner's motion for a protective order, it leaves for another day specific disputes about specific discovery requests. For example, in its motion for a protective order, Woodner argues that some of plaintiffs' July 15, 2008 discovery requests "are overly broad and seek information not reasonably calculated to lead to the discovery of admissible evidence." Protective Mot. at 1; see also id. at 3-4 (setting forth objections to certain discovery requests). That may be true. Nevertheless, the Court declines to address these arguments here because (1) Woodner

acknowledges that they are only "example[s]" of its objections to plaintiffs' joint discovery requests, see id. at 3, and (2) the Court concludes that it will be more efficient to deal with these and similar disputes by way of good-faith negotiations among counsel (and, if necessary, motions for protective orders) formulated in light of this Memorandum Opinion and Order.

For the reasons stated above, it is hereby

ORDERED that Defendant's Motion for Summary Judgment Against Plaintiff the Equal Rights Center [23] is DENIED without prejudice; it is

FURTHER ORDERED that Plaintiff Equal Rights Center's Rule 56(f) Motion for Specific Discovery [31] is GRANTED; it is

FURTHER ORDERED that Defendant's Motion for Protective Order Pursuant to FED. R. CIV. P. 26(c) [35] is DENIED; it is

FURTHER ORDERED that Plaintiff's Cross-Motion to Compel Defendant to Respond to Interrogatories and Document Requests, for Sanctions, and for Expedited Consideration [37] is DENIED; and it is

FURTHER ORDERED that all parties may, in the future, object to specific discovery requests by filing motions for protective orders consistent with this Memorandum Opinion and Order. The Court wishes to emphasize, however, that counsel are expected to confer in a spirit of good faith and professionalism in an effort to resolve any discovery disputes before bringing those disputes to the Court.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 2, 2009