**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

**JUN 1 9 2009**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SARAH BOURBEAU | ) |
| | ) |
| EQUAL RIGHTS CENTER | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| THE JONATHAN WOODNER CO. | ) |
| | ) |
| | ) |
| Defendant. | ) |

Civil Action No: 1:07CV00164
Judge: Paul L. Friedman

## AGREED ORDER AND SETTLEMENT AGREEMENT

The Equal Rights Center ("ERC") and Sarah Bourbeau (collectively "Plaintiffs") and The Jonathan Woodner Co. ("Woodner" or "Defendant") (collectively "Parties") have agreed, in order to avoid the expense and delay of litigation, to enter into this Agreed Order and Settlement Agreement, which fully and finally resolves all claims brought by Plaintiffs against Defendant in the case of *Sarah Bourbeau and Equal Rights Center v. The Jonathan Woodner Company, United States District Court for District of Columbia, Case No. CA No. 1:07CV00164* (the "Lawsuit"), including Plaintiffs' allegation that Defendant violated the District of Columbia Human Rights Act by refusing to accept Housing Choice Vouchers at properties owned and/or managed by Defendants. Neither Plaintiffs nor Defendants admit to any liability to the other.

The Parties agree that this Court has jurisdiction over the subject matter of this action. The Parties agree that this matter shall be resolved without further proceedings. Therefore, the Parties have agreed to this Agreed Order and Settlement Agreement ("Agreed Order"). The provisions of this Agreed Order shall be binding on Plaintiffs and Defendant and their affiliates, officers, employees, agents, successors, and assigns and all other persons and/or entities in active concert or participation with them.

It is hereby ORDERED, and agreed to by the Parties, as follows:

I.    DEFINITIONS

1.    "Effective date" means the date this Agreed Order is entered by the Court.

2.    "Woodner managed properties" means the apartment complex located at 3636-3640 16th Street NW, Washington D.C., and any other properties owned or managed by Woodner located in the District of Columbia.

3.    "Housing Choice Voucher" means those vouchers issued by the United States Department of Housing and Urban Development ("HUD") pursuant to the Housing Choice Voucher Program, the current successor to the Section 8 Rental Voucher or Rental Certificate program.

II.    SCOPE AND APPLICABILITY

4.    This Agreed Order applies to all properties owned or under the management of Woodner in the District of Columbia during the term of this Agreed Order.

III.    TERM

5.    The term of this Agreed Order shall be for 36 months from the Effective Date.

IV.    NON-DISCRIMINATION POLICY

6.    Commitment to Non-Discrimination Practice:  Woodner agrees that it does not and shall not in the future discriminate against any individual on the basis of any legally protected characteristic, including source of income.

7.    Woodner's Non-Discrimination policy:  Within sixty (60) days after the Effective Date, Woodner shall modify its non-discrimination policy, and provide a copy of the policy to the ERC, affecting all Woodner employees in the District of Columbia with responsibilities for leasing and management of Woodner managed properties consistent with the terms of this Agreed Order.  This policy, shall include the following statement: "Woodner and all of its employees abide by the Federal Fair Housing Act of 1968 as amended, as well as the District of Columbia Code which prohibit discrimination in the sale or rental of housing based on race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, disability, matriculation, political affiliation, source of income, status as a victim of an intrafamily offense, or place of residence or business of any individual.  In accordance with the District of Columbia Human Rights Act of 1977, as amended, Woodner managed properties accept Housing Choice Vouchers, where rental amounts are within voucher limits, and other forms of publicly-funded rental assistance as a source of income.  Every applicant and tenant, regardless of these protected classifications, shall be treated equally and with dignity and respect."

8.    Signage:  Within sixty (60) days of the Effective Date of this Decree, Woodner shall create and display in a location clearly visible to prospective tenants in the rental office at Woodner managed properties signage with the following statement: "The Jonathan Woodner Company accepts housing choice vouchers (Section 8), where rental amounts are within voucher

limits, and other forms of publicly funded rental assistance as rental payments. It is illegal to discriminate based on the source of income" (and in Spanish) "The Jonathan Woodner Company acepta vales de eleccion de vivienda (Seccion 8) y otras formas de asistencia de alquilar financiadas publicamente como pagos de renta que la cantidad de la renta conforme al limite del vale. Es illegal la discrimnacion basada en fuente de ingresos."

9. Advertising Material: Beginning (60) days after the Effective Date, Woodner shall include the following language in all advertisements for vacancies at any of the Woodner managed properties: "Housing Choice Vouchers Welcome Where Rental Amounts Are Within Voucher Limits" and (in Spanish) "Vales de Eleccion de Vivienda Bienvenidos que la Cantidad de la Renta Conforme al Limite del Vale"

10. Minimum Income Requirement: During the term of this Agreed Order, Woodner agrees that any inquiry into the income for Housing Choice Voucher holder applicants will be limited to assessment of the applicant's ability to pay any amounts of rent not paid by the Housing Choice Voucher.

## V.    EMPLOYEE TRAINING

11. Fair Housing Training: Within ninety (90) days after the Effective Date, all Woodner employees, including officers, directors, managers, and agents responsible for leasing decisions, leasing policies and communicating with potential tenants regarding leasing questions for Woodner managed properties shall complete a fair housing training course. In addition, during the term of this Agreed Order, all future Woodner employees, including officers, directors, managers, and agents responsible for leasing decisions, leasing policies and communicating with potential tenants regarding leasing questions for Woodner managed properties shall be required to complete a fair housing training course within ninety (90) days from their date of hire as a condition of employment. The fair housing training shall be conducted by an individual, company or organization approved by the Parties; approval shall not be unreasonably withheld, and the Parties acknowledge their approval of the District of Columbia Office of Human Rights ("OHR") and/or Sara Pratt to conduct the training if Woodner so chooses. Under all circumstances except when OHR conducts the training, the curriculum and training materials shall be provided to the ERC for review and approval before use in the training course. Woodner shall be responsible for the costs of all such training. Each individual who participates in and receives instruction through the fair housing training shall sign a statement acknowledging that he or she has participated in, understands, and has completed the non-discrimination training course.

## VI.    RECORD-KEEPING AND MONITORING

12. Record-Keeping: Within sixty (60) days after the Effective Date, Woodner shall establish a system to maintain records of all prospective tenants who complete applications for rental housing at Woodner managed properties with a specific notation for those individuals who identify Housing Choice Vouchers as a source of income. These records should include the names and contact information of prospective tenants applying to rent units with Housing Choice Vouchers, rejections and the reasons for rejection. In addition, within sixty (60) days following the Effective Date, Woodner shall establish a system to maintain records of (a) the number of

current residents using Housing Choice Vouchers and (b) all oral or written complaints to Woodner lodged by tenants and prospective tenants alleging discrimination on the basis of source of income, including the use of Housing Choice Vouchers.

13.    Woodner shall maintain the records indicated in paragraph 13 for a period of at least 36 months and shall send a written report summarizing these records to the ERC every twelve (12) months.  The first report shall be due ninety (90) days after the Effective Date, and subsequent reports shall be due twelve (12) months after that date until three such reports have been submitted.  Upon reasonable notice, Woodner shall allow ERC to inspect and copy the records identified in paragraph 12, limited by Woodner's right to redact confidential tenant or applicant information.

VII.    FUTURE AVAILABILITY TO HOUSING CHOICE VOUCHER HOLDERS

14.    Waiting Period:  Woodner hereby commits to allow any Housing Choice Voucher applicant for a unit in any Woodner managed property no less than thirty (30) days from application in which to complete the Housing Choice Voucher "lease up" process prior to renting that unit to any other applicant, provided, however, that in no case shall Woodner be required to hold any unit open for more than thirty (30) days.

VIII.    PAYMENTS

15.    Within five (5) business days of the Effective Date, Defendant will make a payment of $200,000 ("Full Settlement Amount") by wire transfer to an account designated by the Washington Lawyers' Committee for Civil Rights and Urban Affairs payable to Washington Lawyers' Committee for Civil Rights in full settlement of all damages, including costs and attorneys' fees.

IX.    DISCLOSURE

16.    This Agreed Order is a public document.

X.    RELEASES

17.    Upon payment of the Full Settlement Amount, this case shall be dismissed with prejudice.  The Court shall retain jurisdiction for the term of this Agreed Order only for purposes of enforcing the terms of the Agreed Order.

18.    In consideration of this Agreed Order, and except as otherwise provided herein, the Plaintiffs agree fully and forever to release Woodner and its successor assigns, subsidiaries, directors, officers, agents, and employees from any and all past and present claims for damages, injunctive relief, declaratory relief, or any other relief, known or unknown to the Plaintiffs as of the Effective Date that arise under, relate to, or in connection with the issues in the Lawsuit.

XI.    MISCELLANEOUS MATTERS

19.    Entire Agreement:  This Agreed Order constitutes the entire agreement between the Parties on the matters addressed herein, and the Parties expressly agree that it supersedes and

- 5 -

controls any and all prior communications, whether oral or written, between the Parties regarding the matters addressed herein.

20.    Modification:  This Agreed Order may be modified only by a writing signed by the Parties and approval by the Court.

21.    Choice of Law:  This Agreed Order shall be construed in accordance with the laws of the District of Columbia.

22.    Communications Among the Parties:  All notices, demands, and other communications to be provided pursuant to this Decree shall be in writing and sent by regular mail, postage prepaid to the following persons and addresses (or other such persons or addresses as the Parties may designate from time to time in writing):

> For the Plaintiffs:
>
> Director of Fair Housing Project
> Washington Lawyers' Committee for Civil Rights and
> Urban Affairs
> 11 Dupont Circle, Suite 400
> Washington, DC 20036
>
> Executive Director
> The Equal Rights Center
> 11 Dupont Circle, Suite 450
> Washington, DC 20036
>
> Thomas A. Reed
> Jenée Desmond-Harris
> K&L Gates LLP
> 1601 K Street, N.W.
> Washington, D.C. 20006
>
> For Woodner:
>
> Roger D. Luchs
> Richard W. Luchs
> 1620 L Street, N.W., Suite 900
> Washington, D.C. 20036
> Tel: 202-452-1400

23.    Counterparts:  This Agreed Order may be executed in one or more counterparts, all of which taken together shall constitute one and the same instrument.

24.    Waiver:  Failure of a party hereto to insist upon strict performance of any provision of this Agreed Order shall not be deemed a waiver of such party's rights or remedies or

a waiver by such party of any default by another party in performance or compliance with any terms of this Agreed Order.

25.     Construction:  This Agreed Order shall be deemed to have been jointly drafted by the parties for all purposes involving its construction and enforcement.  No party shall assert that the Agreed Order, or any ambiguity in the Agreed Order, should be construed against any other party as the alleged drafter of the Agreed Order.

26.     Authority:  Each signatory warrants that he or she is competent and possesses the full and complete authority to covenant to this Agreed Order on behalf of the party that he or she represents.

27.     Additional Documents; Cooperation:  The Parties agree to cooperate fully and execute any and all supplemental documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreed Order, including, without limitation, filing of a Stipulation of Dismissal with prejudice the Lawsuit as provided in Paragraph 18 of this Agreed Order.

*Signed and Agreed*

_____ Date: 6/11/09

Thomas A. Reed (#435258)
Jenée Desmond-Harris (#982624)
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, D.C. 20006
Tel: 202-661-3713/ Fax: 202-778-9100

_____ Date: 6/11/09

Robert M. Bruskin (#164293)
Isabelle M. Thabault (#318931)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-319-1000/ Fax: 202-319-1010
*Counsel for Plaintiffs Sarah Bourbeau and the Equal Rights Center*

_____ Date: _____

Roger D. Luchs, Esq. (#347609)
William C. Casano, Esq. (#352492)
Greenstein DeLorme & Luchs, P.C.
1620 L Street NW, Suite 900
Washington, D.C. 20036-5606
Tel: 202-452-1400
Counsel for Defendant The Jonathan Woodner Company

a waiver by such party of any default by another party in performance or compliance with any terms of this Agreed Order.

25.     Construction: This Agreed Order shall be deemed to have been jointly drafted by the parties for all purposes involving its construction and enforcement.  No party shall assert that the Agreed Order, or any ambiguity in the Agreed Order, should be construed against any other party as the alleged drafter of the Agreed Order.

26.     Authority: Each signatory warrants that he or she is competent and possesses the full and complete authority to covenant to this Agreed Order on behalf of the party that he or she represents.

27.     Additional Documents; Cooperation: The Parties agree to cooperate fully and execute any and all supplemental documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreed Order, including, without limitation, filing of a Stipulation of Dismissal with prejudice the Lawsuit as provided in Paragraph 18 of this Agreed Order.

*Signed and Agreed*

_____ Date: _____
Thomas A. Reed (#435258)
Jenée Desmond-Harris (#982624)
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, D.C. 20006
Tel: 202-661-3713/ Fax: 202-778-9100


_____ Date: _____
Robert M. Bruskin (#164293)
Isabelle M. Thabault (#318931)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-319-1000/ Fax: 202-319-1010
*Counsel for Plaintiffs Sarah Bourbeau and the Equal Rights Center*

_____ Date: 6/1 %/0 9
Roger D. Luchs, Esq. (#347609)
William C. Casano, Esq. (#352492)
Greenstein DeLorme & Luchs, P.C.
1620 L Street NW, Suite 900
Washington, D.C. 20036-5606
Tel: 202-452-1400
Counsel for Defendant The Jonathan Woodner Company

- 7 -

THE EQUAL RIGHTS CENTER

By._____ Date: _6/11/09_

*Executive Director*

SARAH BOURBEAU

_____ Date: _6/12/09_


THE JONATHAN WOODNER COMPANY

By._____ Date: _____


So Ordered,


_____
Hon. Paul L. Friedman
United States District Judge

-7-

THE EQUAL RIGHTS CENTER

By._____ Date: _____

SARAH BOURBEAU

_____ Date: _____

THE JONATHAN WOODNER COMPANY

By.Dian Woodner Date: 6/11/09

So Ordered,

Hon. Paul L. Friedman
United States District Judge

June 18, 2009